ELTON JESSE WILDER V. STATE

No. 31,716. March 23, 1960

*Paul Maynard,* and *W. E. Martin,* both of Houston, for appellant.

*Dan Walton,* District Attorney, *Rex Emerson, Samuel H. Robertson, Jr.,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is fondling; the punishment, 5 years.

The 11-year-old girl named in the indictment testified that she got in an automobile with appellant, at his invitation, and drove around for a while; that they passed her home and appellant asked her to "duck down so your friends won't see you"; that appellant gave her 50 cents; that he drove her out in Memorial Park and while there he put his hand under her dress and his finger in her private part "where I go to the bathroom."

The child was standing in the rear of the automobile when Patrolman Jones saw them in the park. As he approached, appellant drove off at a high rate of speed and Patrolman Jones pursued and stopped the car.

There was medical testimony to the effect that a bruise was found on the labia minora or inner lip of the child's vagina.

The claim of error upon which reversal is sought relates to the testimony of Officer Jones as to what the child reported to him as they were going to the police station, appellant being in another police car at the time, and to the testimony of Policewoman Bankston that when brought into the juvenile division by Officer Jones, the girl stated that she had been molested and fondled by appellant.

The evidence shows that the statement of the girl to Patrolman Jones was made very soon after she left the presence of appellant, and her report to Policewoman Bankston was made within 10 minutes after she was separated from appellant by the officer.

The statements were admissible as outcry and under the so-called res gestae rule as applied by this court in Haley v. State, 157 Tex. Cr. R. 150, 247 S. W. 2d 400; and in Franks v. State, 166 Tex. Cr. Rep. 455, 314 S. W. 2d 586.

The judgment is affirmed.