**Joseph WILLIAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42013.**

Court of Criminal Appeals of Texas.

April 16, 1969.

Charles E. Orr, Houston, for appellant.

Carol S. Vance, Dist. Atty., Houston, William W. Burge, and Edward B. McDonough, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is sodomy; the punishment, 8 years.

Trial was before a jury. Appellant pleaded not guilty and elected to have the punishment, if any, assessed by the court.

Appellant did not testify before the jury. At the hearing on punishment it was stipulated that he had been convicted and had served a term in the Texas Department of Corrections for felony theft, and had been convicted and served a term in jail for aggravated assault on a peace officer.

The state's evidence before the jury reflects that appellant was living with the mother of seven children, one of whom was eight year old Theresa, the girl named in the indictment (prosecutrix).

On August 19, 1967, appellant committed an assault upon Theresa's mother. The next day she went to the home of a neighbor because of her injuries. While she was away appellant told Theresa to go to a back room to play cards. Appellant came in, had her get on the bed; put his hand under her clothes and between her legs, kissed her and induced her to commit sodomy upon him with her mouth.

When Theresa's mother came home her neighbor came with her. Appellant said "Here comes your mother, hurry up and fix your clothes," and told Theresa not to tell her mother what happened.

Theresa did not tell her mother until after she and her neighbor had left and her mother had returned. At this time appellant was asleep and Theresa was for the first time out of his presence and alone with her mother.

When she told her mother what appellant had done, her mother took her to the neighbor's home and Theresa told the neighbor what had happened to her. The defense elicited from Theresa testimony that later she told appellant's mother, over the telephone, what appellant had done.

Appellant's first ground of error is: "Prosecutrix' mother was permitted to testify to statements allegedly made to her by prosecutrix which, if made, would not constitute spontaneous statements, and were therefore admitted over objection in violation of the hearsay rule."

The statements to which Theresa's mother was permitted to testify were made at the first opportunity when the mother and daughter were alone. The evidence reflects that at the time Theresa told her mother what had happened to her she was in an emotional state; was very upset and crying.

■ The contention that the statements were too remote in time from the act itself to be spontaneous and admissible statements is overruled. Wilder v. State, 169 Tex.Cr.R. 255, 333 S.W.2d 367; Haley v. State, 157 Tex.Cr.R. 150, 247 S.W.2d 400.

The second and remaining ground of error is: "Defendant's request for voir dire examination of prosecutrix was denied although the trial court was simultaneously informed that the request was made to affirmatively show the legal incompetency of the witness."

The request for voir dire was first made after Theresa had taken the stand and given her name and age, and the court had overruled "at this time" the objection "to any testimony by the child by reason of her tender years and it's not been shown she is a competent witness."

The request was: "I would like to take her on voir dire and show she does not understand the obligation of the oath."

The response of the state was: "It's not proper grounds for voir dire at this time." The court's ruling was: "It's overruled *at this time*."

The state then proceeded to interrogate Theresa and establish by her testimony that she was in the second grade; knew

the difference between telling the truth and telling a lie; that "you will get punished" if you tell a lie, and that she understood that she was under oath and had to tell the truth.

The court then held as a matter of law that Theresa was competent and overruled the request of appellant's counsel for "an opportunity to demonstrate further that the child does not know the obligation of the oath or what punishment could be inflicted against her for not being truthful."

■ The competency of the witness to testify was for the court and his decision will not be disturbed unless an abuse of discretion is shown. Rocha v. State, 148 Tex.Cir.R. 237, 186 S.W.2d 267.

■ The competency of the 8 year old girl as a witness was well established. Her cross-examination was in no way curtailed. We find nothing in her testimony or in the record which would warrant this court to conclude that the trial judge abused his discretion in finding that she was competent and refusing the request for further voir dire examination.

The judgment is affirmed.