**Homer Frank
McCULLOUGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–85–543–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 1, 1986.

Gary L. McConnell, Angleton, for appellant.

Jim Mapel, Jim Turner, Angleton, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellant was arrested and charged with violating the terms of his probation for the offense of indecency with a child by contact. The Petition for Revocation of Probation alleged that appellant had committed two offenses of assault by offensive contact. Appellant pleaded "not true" to the allegations, but was found guilty by the trial court. The court revoked his probation and sentenced him to four years confinement in the Texas Department of Corrections. In four grounds of error appellant complains that the trial court abused its discretion in revoking his probation, and asserts that: (1) hearsay evidence concerning appellant's conduct was erroneously admitted; (2) insufficient admissible evidence was introduced by the State to establish by a preponderance of the evidence that appellant committed the offense charged; and (3) there was a fatal variance between the offense alleged and the proof adduced at the hearing. We affirm.

On November 27, 1984, appellant was charged with the offense of indecency with a child by contact, to which he entered a plea of no contest. The trial court found appellant guilty, and upon receipt of a presentence investigation report, sentenced him to ten years confinement in the Texas Department of Corrections. On February 1, 1985, appellant's sentence was suspended and he was granted probation. On May 24, 1985, the State filed a Petition for Revocation of Probation which alleged that appellant had committed two offenses of assault by offensive contact. The petition was later orally amended by the State and one of the allegations was dropped. It was alleged that complainant and other children were playing hide-and-go-seek, and that appellant, who lived next door to where the children were playing, came over and offered to show the children how to play the game properly. Appellant told complainant to lie face down on a weight bench that was on his patio, and hide her eyes while the other children hid. Appellant then allegedly straddled the bench, and sat on complainant's bottom and "rubbed" on her. Complainant testified he said he was "riding a horsey." The trial court found appellant guilty of the offense charged, and it is from this judgment that appellant appeals.

In his first ground of error, appellant complains that the trial court erred in admitting hearsay evidence concerning his alleged conduct. During the revocation hearing, complainant's mother testified as to the events surrounding the alleged contact between appellant and her daughter, and as to the reporting of the event by her daughter. Counsel objected to the testimony by the mother on the grounds that it was hearsay and not admissible under any exception to the hearsay rule. More specifically, counsel asserted that the "outcry" exception did not apply to a case of simple assault.

At the outset we note that in a hearing on a motion to revoke probation, the trial court is the sole trier of facts, the credibility of witnesses, and the weight to be given their testimony. *Garrett v. State,* 619 S.W.2d 172, 174–75 (Tex.Crim.App. 1981). As a reviewing court we must presume that the trial judge disregarded inadmissible evidence and based his conclusions only on admissible evidence. *Johnson v. State,* 498 S.W.2d 198, 200 (Tex.Crim.App. 1973). Furthermore, the verdict will be reviewed in a light most favorable to the conclusion of the trial court. *Garrett v. State,* 619 S.W.2d at 174.

With the foregoing standards in mind, we will address the contention raised by appellant in his first ground of error that the trial court abused its discretion when it permitted the complainant's mother to testify as to the events surrounding the alleged contact. During direct examination of complainant's mother the following occurred:

Q: Could you tell us if anything unusual occurred that afternoon?

A: Well the kids came in the back sliding door, and my son, _____, who is five, came in and he said —

MR. McCONNELL: Your Honor, I will object to anything that was said to this witness as being hearsay to my client.

THE COURT: Sustained.

Q: Without telling me what anybody said, your children came in the house?

A: And _____ was acting funny in the kitchen. I looked back at her. I said, "What's the matter?" She had tears in her eyes and she said, "Nothing."

MR. McCONNELL: Your honor, I will object to anything said to her by this young lady because it's hearsay to my client.

THE COURT: Overruled.

MR. McCONNELL: Note our exception.

THE COURT: It is noted. You can tell me what _____ said to you. You cannot tell me what any of the other children said.

A: Okay.. _____ said, "Nothing. I will tell you when I get home." I said, "No, you will tell me now." So, I got her over to the couch and that's when she told me what happened.

Q: What did she tell you?

MR. McCONNELL: May I have a running objection to any conversation this witness had with the young lady named _____ as being hearsay and not subject to any exception under the Rule.

THE COURT: You can have a running objection and I will overrule the objection, and hold that it is admissible as an outcry, which is an exception to the hearsay rule. You have a continuing objection.

MR. McCONNELL: Let me further object, Your Honor, if the Court's ruling is it's an outcry, my client is not charged with any sexual offense. Therefore, the outcry exception will not apply in this case.

THE COURT: Overruled.

We are of the opinion that appellant's complaint in his first ground of error is without merit as we disagree with his contention that "outcry" is limited only to those cases involving a *sexual* assault. In this connection we note the case of *Wilder v. State*, 169 Tex.Crim. 255, 333 S.W.2d 367 (Tex.Crim.App.1960). In *Wilder*, the complainant, an eleven year old female, reported to two police officers that she had been fondled by the appellant. The report was made to the police officer who drove her to the police station, and to a second female officer at the station. The Court of Criminal Appeals held that the statements made by the child to the police officers were admissible as *both* outcry and res gestae. *Wilder v. State*, 333 S.W.2d at 368. Furthermore, we note that the trial court's determination that the mother's testimony in the instant case came within the "outcry" exception to the hearsay rule, evinced the court's intention to admit the testimony solely as evidence of the child's complaint. In fact, the judge specifically stated that his decision to revoke probation was based on the case file and the testimony of the complainant and appellant. In view of the foregoing, we are of the opinion that the mother's testimony was admissible as "outcry," and the trial judge did not abuse his discretion in admitting it. Accordingly, appellant's first ground of error is overruled.

Appellant's second, third, and fourth grounds of error are related, and all complain that the State failed to prove the essential elements of the offense charged. Appellant contends in his second ground of error that the State failed to establish by a preponderance of the evidence that appellant caused physical contact "with his hands" as alleged in the indictment. He

complains in his third ground of error that the State failed to meet its burden as alleged above which resulted in a fatal variance between the allegations and the proof adduced at the hearing. Finally, appellant asserts in his fourth ground of error that the State failed to establish by a preponderance of the evidence that appellant possessed the requisite intent to commit the offense alleged.

Appellant was charged with the offense of assault by contact. The elements of this offense require that:

1. a person
2. intentionally and knowingly
3. causes physical contact
4. when he knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE ANN. § 22.01 (Vernon Supp.1985). The State alleged in its Petition for Revocation that appellant caused the physical contact with the complainant "by *touching and rubbing* on the person of said M J P *with his hands....*" Appellant contends that *"with his hands"* was an allegation of the means used or manner of such assault; that this allegation was not surplusage and therefore had to be proved by the State; and that the State failed to meet this burden. Furthermore, appellant argues that a variance resulted between that alleged and that proved, resulting in insufficient evidence to establish the necessary elements as pled by the State.

■ We find it unnecessary to address whether or not the allegation complained of was surplusage, or an essential element, and whether a variance resulted, for we are of the opinion that the trial court did not abuse its discretion in finding that the State met its burden in proving this allegation. It is true that the State must prove every element of the offense by a preponderance of the evidence in a revocation of probation proceeding. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex.Crim.App.1981); *Grant v. State,* 566 S.W.2d 954, 956 (Tex. Crim.App.1978). It is also true, however, that in this type of proceeding the trial

judge is the sole trier of fact, and it is the court's duty to judge the credibility and weight to be afforded the testimony. *Garrett v. State,* 619 S.W.2d at 174–75. Furthermore, we must review the verdict in a light most favorable to the conclusion of the trial court. *Garrett v. State,* 619 S.W.2d at 174.

■ In the instant case there was a conflict in the testimony regarding the use of appellant's hands during the alleged contact. On direct, re-direct, and re-cross examination the complainant testified that during the contact the appellant had his hands under her on her stomach as she lay face down on the weight bench. On cross-examination, however, she testified that he did not use his hands at all. The rule applicable when there is a conflict in the evidence is that great deference is afforded the trial court's specific finding. In this case the trial judge acknowledged the conflict and resolved it in favor of the complainant as he was empowered to do. *See, e.g., Barnett v. State,* 615 S.W.2d 220, 222 (Tex.Crim.App.1981) (trial court resolved conflict between testimony of arresting officer and the defendant, the defendant's wife and a third party witness, in favor of the officer and accordingly revoked defendant's probation); *Garrett v. State,* 619 S.W.2d 172, 175 (Tex.Crim.App.1981) (conflict between arresting officer and appellant and his neighbors was resolved in favor of the officer, and probation was accordingly revoked). The fact of the resolution in this manner is expressed in the judge's summation wherein he voiced doubt as to certain "salient points" in appellant's testimony. In view of the foregoing, we can find no abuse of discretion in the trial judge's finding that the State adequately met its burden in proving that the appellant caused the offensive contact "with his hands." Accordingly we find that there was no variance between that alleged and proved at trial. Appellant's second and third grounds of error are overruled.

■ Finally, appellant in his fourth ground of error also challenges the suffi-

ciency of the evidence with regard to the elements of intent and knowledge. Appellant contends that the requisite intent element was rebutted by appellant's own testimony that he accidentally lost his balance and partly fell on the complainant when he stepped across the weight bench. Furthermore, appellant argues that the State failed to adduce sufficient evidence that he knew or reasonably should have known that the contact was offensive or provocative.

The same standard of review quoted above in appellant's second and third grounds of error is applicable to this fourth ground, and we likewise conclude that the court did not abuse its discretion in finding that the State met its burden. First, we note that in this proceeding the court was permitted to take judicial notice of its own orders, records and judgments. *Holloway v. State*, 666 S.W.2d 104, 108 (Tex.Crim. App.1984). Thus the terms and conditions of appellant's probation were all before the court. During the hearing, the State urged the court to take notice of its file and to consider the similarities between the instant case and the original underlying offense. Specifically the State emphasized that the complainants in both cases testified that appellant said he was "just playing horsey." As additional proof of appellant's intent to commit the offense, the State asserted that if appellant's hands were under the complainant on her stomach as she lay on the bench, then there was no possible way that appellant could have "fallen" and grabbed the side of the bench, and yet have his hands end up on complainant's stomach as she testified that they did.

As to whether or not the contact was offensive, the complainant testified that the alleged contact made her uncomfortable and that she didn't want him to do that. Appellant himself testified that he "fell" on top of the girl, so the fact of contact is not disputed. As to whether or not he was concerned, appellant stated that he was at a "point of panic," and that he was concerned that it might appear that he was doing something wrong.

In view of the record and applying the presumption which favors the judgment of the trial court on issues of fact, we find the trial court did not abuse its discretion in resolving the issues of intent and knowledge against appellant. We accordingly overrule appellant's fourth ground of error.

The judgment of the trial court is affirmed.