Herbert James **JUBERT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–87–077–CR.

Court of Appeals of Texas, Texarkana.

June 8, 1988.

Gerald A. Burks, Galveston, for appellant.

Michael J. Guarino, Crim. Dist. Atty., Galveston, for appellee.

GRANT, Justice.

Herbert Jubert was convicted of burglary of a building in a trial before the court. The court found two enhancement allegations to be true and assessed punishment at forty years confinement in the Texas Department of Corrections.

Jubert's court-appointed attorney brings two points of error. Jubert has also filed a pro se brief raising additional arguments.

Appellant first contends that the grand jury which indicted him was not in session at the time the indictment was returned and that the indictment should have therefore been quashed.

The indictment was signed by Ernest Galvan as foreman and filed October 28, 1986. Galvan testified at the pretrial hearing, identifying his signature on the document and stating that he was sworn in during June of 1986 for a term of three months. Jubert contends that the indictment was returned after the termination of the three months term of the grand jury, which would be in violation of Tex.Code Crim.Proc.Ann. art. 19.07 (Vernon 1977). The trial judge stated that Galvan's recollection was erroneous and made the following statement:

> The court knows that it impaneled this grand jury to begin service in October.... If I gave the State 10 minutes, they could go down and bring the minutes or whatever it is that reflects the action of the Court, but I know for 10 years I've been impaneling grand juries in October and in April. My grand juries serve the second quarter and the fourth quarter of the year.

The court went on to take judicial notice that the grand jury was impaneled in October without further objection by Jubert. The court is permitted to take judicial notice of its own orders, records and judgments. *Wilson v. State*, 677 S.W.2d 518 (Tex.Crim.App.1984); *McCullough v. State*, 710 S.W.2d 142 (Tex.App.–Houston [14th Dist.] 1986, pet. ref'd). The rule on judicial notice is codified at Tex.R.Crim. Evid. 201. In the present case, the court took notice of the time at which the grand jury of that court was impaneled. In ac-

cordance with the general rule, we find that the trial court did not commit error.

Jubert next contends that the evidence brought forward by the State was insufficient to prove the enhancements alleged by the indictment. The State introduced three pen packets as Exhibits A, B, and C, and a fingerprint specialist identified Jubert as being the same person as the one identified by each packet. Jubert contends that Exhibits B and C were erroneously admitted. The judgment and sentencing information on Exhibits A and B were certified as correct by the district clerk. *Blakes v. State*, 634 S.W.2d 319 (Tex.Crim.App.1982). Introduction of these documents has been approved as a method of proving up a prima facie case for enhancement. *Tinney v. State*, 578 S.W.2d 137 (Tex.Crim.App. 1979).

■ Appellant argues that the judgment reflected by State's Exhibit B was improperly taken, but has not shown any defect in the judgment. We find no error in its admission.

■ However, the third exhibit, Exhibit C, was improperly admitted. This exhibit indicates on its face that the conviction is on appeal to the Court of Criminal Appeals, and no mandate is attached to indicate the disposition of the case. It was the State's further duty to show the final disposition of such appeal. Because the State failed to make a prima facie showing of finality, this conviction could not be used by the trial court to enhance the punishment in the present case. *Jones v. State*, 711 S.W.2d 634 (Tex.Crim.App.1986).

Any error which may have been committed by the court in admitting Exhibit C is harmless. Under Tex.Penal Code Ann. § 12.42(b) (Vernon 1974), only one prior felony conviction is necessary to increase the proper range of punishment from that of a second-degree felony to that of first-degree felony, and the unobjected-to pen packet is sufficient to provide that enhancement.

In the present case, the punishment was assessed by the court. The trial court, as finder of fact at the punishment stage, is presumed to have disregarded any evidence that was improperly admitted. *Williams v. State*, 641 S.W.2d 925 (Tex.Crim.App. 1982); *Kimithi v. State*, 546 S.W.2d 323 (Tex.Crim.App.1977); *Moton v. State*, 540 S.W.2d 715 (Tex.Crim.App.1976); *Davison v. State*, 510 S.W.2d 316 (Tex.Crim.App. 1974). Although this is a well-established rule of law, it seems to create the illogical presumption that the same judge who rules the evidence to be admissible will ignore that evidence because he knows it to be inadmissible. Nevertheless, we are bound by precedent and must presume that the trial court did not consider this inadmissible exhibit. Thus, we find no harm arising from this improper admission.

■ Jubert also contends in his pro se brief that his confession was not voluntary, and was taken in violation of his right to counsel. The trier of fact is the sole judge of the weight and credibility of the witnesses, and may believe or disbelieve all or any part of the witnesses' testimony. *Williams v. State*, 692 S.W.2d 671 (Tex. Crim.App.1984).

■ The trial court made findings of fact and conclusions of law stating that Jubert's confession was voluntary. The findings are supported by the record, and will not be disturbed by this Court. *Johnson v. State*, 698 S.W.2d 154 (Tex.Crim.App.1985).

■ Jubert contends in his final pro se point of error that the trial court erred in admitting into evidence a copy of a videotape rather than requiring the original. Tex.R.Crim.Evid. 1003 provides that a duplicate is admissible unless a question is raised as to the authenticity of the original. Duplicate is defined in Tex.R.Crim.Evid. 1001(4) as an accurate reproduction of the original. Jubert objected to admission of the tape, because it was not the original. He did not raise a question of the authenticity of the original or suggest that the duplicate tape was not an accurate reproduction of the original. The witness who identified the tape testified that it was an exact reproduction of the original, and there is no testimony to the contrary. We

find no error in the admission of the tape into evidence.

Jubert has also attached to his pro se brief a motion to dismiss his indictment. He argues that the indictment was fundamentally defective because it fails to give notice of the offense charged and where the offense occurred. He further argues that it failed to allege all the elements of the crime. The indictment tracks Tex.Penal Code Ann. § 30.02(a)(1) (Vernon 1974). The indictment is drawn in the language of the statute which creates and defines the offense. Generally, that is sufficient, and we find it so in this case. *Ward v. State*, 642 S.W.2d 782 (Tex.Crim.App.1982). The indictment alleges that the offense occurred in Galveston County. This is sufficient specificity. *Ward, supra.*

We affirm the judgment of the trial court.