NUMBERS 13-99-311-CR AND 13-99-312-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JUAN ANDRES GUERRA
, Appellant,


v.



THE STATE OF TEXAS
, 
Appellee.

___________________________________________________________________


On appeal from the 92nd District Court


of Hidalgo County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez

Opinion by Chief Justice Seerden




 Juan Andres Guerra brings these appeals from the trial court's
orders revoking probation in two separate causes. We affirm the trial
court's judgments.

Background


 In the first cause, Guerra pleaded guilty to a second-degree charge
of sexual assault. The court deferred further proceedings without
entering an adjudication of guilt, and placed Guerra on community
supervision for ten years. Under the terms and conditions of probation,
Guerra was required to pay a fine, make restitution, and attend
treatment or counseling sessions for sex offenders with the Hidalgo
County Community Supervision & Corrections Department Sex Offender
Program. Guerra was further required to comply with the treatment
prescribed by the Sex Offender Program, and obey all rules and
regulations of the program. 

 In the second cause, Guerra pleaded guilty to state jail felony theft. 
The court deferred further proceedings without entering an adjudication
of guilt, and placed Guerra on community supervision for five years,
again attaching various conditions to the terms of probation. The cases
ran concurrently. 

 In September of 1998, the State filed motions to adjudicate guilt
in both cases, contending that Guerra had committed a sexual assault,
failed to pay requisite fines and fees, and failed to comply with the
prescribed treatment for sexual offenders. Following a hearing on both
cases, the trial court revoked Guerra's community supervision and
assessed punishment at ten years of imprisonment for sexual assault 
and two years of imprisonment for theft. Guerra brings four issues on
appeal regarding his probation and the revocation thereof. 

Extraneous Offense


 Guerra first contends that the trial court erred by admitting
evidence of an extraneous offense over defendant's hearsay objection. 
 We note in this regard that the rules of criminal evidence and
procedure are generally applicable to probation revocation hearings. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.1993); Stevens v.
State, 900 S.W.2d 348, 351 (Tex. App.--Texarkana 1995, pet. ref'd). 

 The testimony concerning the extraneous offense was provided by
Dr. Gregorio Pena, a psychologist employed by the Hidalgo County
Community Supervision & Corrections Department Sex Offender
Program. Pena administered treatment to Guerra as a part of Guerra's
probation. When asked if Guerra showed a propensity for danger to
others, Pena testified that he believed that Guerra was a sexual predator
and a danger to other men in the Sex Offender Program and the men in
the community. In this regard, Pena specifically testified that another
individual receiving group therapy with Guerra told him that Guerra
sexually assaulted him. Pena's testimony further suggests the
possibility that another incident had occurred.

 Defense counsel objected to the foregoing testimony on grounds
that it was hearsay. Hearsay is a statement, other than one made by
the declarant while testifying, offered in evidence to prove the truth of
the matter asserted. See Tex. R. Evid. 801(d). Under this definition,
Pena's statements do not constitute hearsay. Pena's testimony was
not offered to prove the truth of the matter asserted, that is, that Guerra
sexually assaulted other individuals in his group therapy. Rather,
Pena's comments regarding the alleged assaults were offered as a basis
for his opinion that Guerra constituted a danger to the community, and
for his recommendation that Pena's probation be revoked. Moreover,
such comments constitute admissible testimony from an expert witness
about the basis of his opinion testimony. See Tex. R. Evid. 703; 
Moranza v. State, 913 S.W.2d 718, 727 (Tex. App.-Waco 1995, pet.
ref'd). Thus, we hold that the trial court properly allowed Pena's
testimony over the hearsay objection.

Conditions of Probation


 Guerra next argues that the terms of his probation are so vague
and ambiguous that they are unconstitutional. Guerra specifically
complains about the following condition of probation:

 Attend the treatment or counseling sessions for sex
offenders at the Hidalgo County Community Supervision and
Corrections Department Sex Offender Program and report to
the Sex Offender Program Supervision Officer 100 E. Cano
St., Edinburg, Texas, commencing INSTANTER, comply with
the treatment and obey all rules and regulations of the
program.


This condition was part of the original terms of probation issued in
1998. The record fails to reflect that Guerra objected to this term of
probation until the instant appeal. The Court of Criminal Appeals has
recently addressed the question of whether a defendant can object to
his conditions of probation for the first time on appeal. Speth v. State,
6 S.W.3d 530, 535 (Tex. Crim. App. 1999). In concluding that
objections to the terms of probation must be addressed to the trial
court, the Court of Criminal Appeals stated that:

 An award of community supervision is not a right, but a
contractual privilege, and conditions thereof are terms of the
contract entered into between the trial court and the
defendant. Therefore, conditions not objected to are
affirmatively accepted as terms of the contract. Thus, by
entering into the contractual relationship without objection,
a defendant affirmatively waives any rights encroached upon
by the terms of contract.


Id. at 534. Guerra did not object to the foregoing condition at the time
he was placed on probation. The time for direct appeal of the order
imposing the condition has long passed. Guerra cannot now complain
about it by this appeal. See id. at 534-35. We overrule Guerra's
second issue on appeal.

Impeachment Evidence


 In his third issue, Guerra contends that the trial court improperly
limited his right to cross examine the State's witness, investigating
officer Oscar Trevino. In this regard, the record reflects that defense
counsel asked Trevino if he had any "problems" within his department,
or if there had been any complaints against him. The trial court
sustained the State's objection to this line of questioning, although he
instructed counsel that he would consider such evidence if it could be
tied to the present case. Counsel did not thereafter articulate a rationale
for his questions, or make an offer of proof regarding the excluded
testimony. 

 Texas Rule of Evidence 103(a)(2) provides that error may not be
predicated upon a ruling of the court excluding evidence unless the
substance of the evidence was made known to the court by offer. Tex.
R. Evid. 103(a)(2); see Chambers v. State, 866 S.W.2d 9, 27 (Tex. Crim.
App.1993). Appellant did not do so. Consequently, any error in the
exclusion of the officer's testimony is waived. 

Revocation of Probation


 Finally, in his fourth issue, Guerra contends that the trial court
abused his discretion in adjudicating guilt and revoking probation. 
Guerra contends that the trial court based its decision on three grounds:
the sexual assault of his health care worker, Guerra's failure to pay
required fines and fees, and Guerra's failure to comply with the Sexual
Offender Program.

 We review the trial court's order revoking probation on an abuse
of discretion standard. See Cardona v. State, 665 S.W.2d 492, 493-94
(Tex. Crim. App. 1984). In making this determination, we examine the
evidence in the light most favorable to the trial court's order. See
Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). 

 In a hearing on a motion to revoke probation, the State must prove
every element of the ground asserted for revocation by a preponderance
of the evidence. See McCullough v. State, 710 S.W.2d 142, 145 (Tex.
App.--Houston [14th Dist.] 1986, pet. ref'd). The State satisfies its
burden of proof when the greater weight of credible evidence before
the court creates a reasonable belief that it is more probable than not
that a condition of probation has been violated as alleged in the motion
to revoke. See Joseph v. State, 3 S.W.2d 627 (Tex. App.--Houston [14th
Dist.] 1999, no pet. h.). Proof of any one of the alleged violations is
sufficient to support a revocation of community supervision. Alexander
v. State, 879 S.W.2d 338, 340 (Tex. App.--Houston [14th Dist.] 1994,
pet. ref'd), cert. denied, 514 U.S. 1127, 115 S.Ct. 1999, 31 L.Ed.2d
1000 (1995). In a probation revocation hearing, the trial judge is the
sole trier of fact and determines the credibility of the witnesses and the
weight to be given to their testimony. See Martin v. State, 571 S.W.2d
20, 22 (Tex. Crim. App. 1978).

 With the foregoing standard in mind, we determine that the
evidence was sufficient to establish that Guerra failed to attend
treatment or counseling sessions for sex offenders as specified in the
order placing him on community supervision, and further failed to
comply with the required treatment. Dr. Gregorio Pena testified that
Guerra failed to comply with his reporting requirements, failed to
cooperate in psychological testing, and failed to complete the program
for sex offenders. Under these circumstances, we determine that the
trial court did not abuse its discretion in revoking probation. Appellant's
fourth issue is overruled. 

 Having overruled each of appellant's four issues on appeal, we
affirm the judgments of the trial court.


 __________________________________

 ROBERT J. SEERDEN, Chief
Justice

Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 27th day of July, 2000.