NUMBER 13-01-473-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG



LYNN BEVERLY, Appellant, 

v.


THE STATE OF TEXAS, Appellee. 

 
On appeal from the 377th District Court

of Polk County, Texas.



O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Valdez




Appellant was placed on community supervision for seven years after being convicted of aggravated assault. The State
moved to revoke appellant's community supervision on grounds that appellant had committed offenses against the laws of
the State of Texas in violation of his terms of supervision, specifically, aggravated sexual assault of a child, indecency with
a child, assault, and terroristic threat. Following an evidentiary hearing, the trial court revoked appellant's community
supervision. This appeal ensued.

Appellant's attorney has filed a brief in which he states that he has reviewed the clerk's record and reporter's record and
concludes that appellant's appeal is frivolous and without merit. Anders v. California, 386 U.S. 738, 744 (1967). The brief
meets the requirement of Anders as it presents a professional evaluation showing why there are no arguable grounds for
advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510 n. 3 (Tex. Crim. App. 1991). In compliance with High v.
State, 573 S.W.2d 807, 813 (Tex. Crim. App. 1979), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court's judgment. 

In the brief, appellant's attorney also states that he has provided a copy of the brief to appellant and informed appellant that,
in counsel's view, the appeal is without merit. In addition, counsel informed appellant of his right to review the appellate
record and to file a pro se brief. Appellant's counsel further filed a motion for extension of time to allow appellant to file a
brief should he choose to do so. This Court granted the motion, giving appellant until October 31, 2001, to file his brief.
No such brief has been filed, nor has the State favored us with a brief. 

The trial court's order revoking probation is reviewed under an abuse of discretion standard. See Cardona v. State, 665
S.W.2d 492, 493-94 (Tex. Crim. App. 1984); Herrera v. State; 951 S.W.2d 197, 199 (Tex. App.-Corpus Christi 1997, no
pet.). In a hearing on a motion to revoke probation, the State must show by a preponderance of the evidence that the
probationer has violated a condition of community supervision as alleged in the motion to revoke. Cobb v. State, 851
S.W.2d 871, 873 (Tex. Crim. App. 1993); Battle v. State, 571 S.W.2d 20, 21 (Tex. Crim. App. 1978); McCullough v. State,
710 S.W.2d 142, 145 (Tex. App.-Houston [14th Dist.] 1986, pet. ref'd). In determining the sufficiency of the evidence to
sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. See Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. 1981); Jones v. State, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). Proof of any one
of the alleged violations is sufficient to support a revocation of community supervision. Moore v. State, 605 S.W.2d 924,
926 (Tex. Crim. App. 1980); Alexander v. State, 879 S.W.2d 338, 340 (Tex. App.-Houston [14th Dist.] 1994, pet. ref'd). In
a probation revocation hearing, the trial judge is the sole trier of fact and determines the credibility of the witnesses and the
weight to be given to their testimony. See Martin v. State, 571 S.W.2d 20, 22 (Tex. Crim. App. 1978).

The record reflects that the trial court stated three separate bases upon which it was ordering the revocation of appellant's
community supervision: aggravated sexual assault on a child, indecency with a child, and assault. With the foregoing
standard of review in mind, we determine that the evidence was sufficient to establish that appellant violated the terms of
his community supervision. At the hearing on the motion to revoke, the fifteen year old complainant testified that appellant
touched her breasts and sexual organs, penetrated her with his finger, and struck her with his hand and a wrench. See Tex.
Code Crim. Proc.Ann. art. 38.07 (Vernon Supp. 2002) (conviction supportable on uncorroborated testimony of victim
under 17 years of age);Ruiz v. State, 891 S.W.2d 302, 304 (Tex. App.-San Antonio 1994, pet. ref'd) (testimony of a child,
standing alone, is sufficient to support conviction for sexual assault). Under these circumstances, we determine that the
trial court did not abuse its discretion in revoking probation. 

Upon receiving an Anders brief, an appellate court must conduct "a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988). We have carefully reviewed the appellate
record and have found nothing in the record that might arguably support the appeal. See Stafford, 813 S.W.2d at 511. We
agree with appellant's counsel that the appeal is wholly frivolous and without merit. The judgment of the trial court is
affirmed.

In accordance with Anders, appellant's attorney has asked permission to withdraw as counsel for appellant. See Anders,
386 U.S. at 744. We grant such permission. We order appellant's attorney to notify appellant of the disposition of this
appeal and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).

_____________________

ROGELIO VALDEZ

Chief Justice



Do Not Publish.

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 28th day of February, 2002.