Affirmed and Memorandum Opinion filed June 30, 2005









Affirmed and Memorandum Opinion filed June 30, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00225-CR

____________

 

JAVIER
GUTIERREZ MARTINEZ, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

_____________________________________________________________

 

On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 606,541

_____________________________________________________________

 

M E M O R A N D U M   O P I N I O N

In this appeal of a revocation of
community supervision, we determine whether the trial court abused its
discretion by finding appellant Javier Gutierrez Martinez violated the terms
and conditions of his community supervision. 
We affirm.








I.  Factual and Procedural Background

In 1994, a jury convicted
appellant of murder and sentenced him to a probated sentence of ten years and a
$750 fine.[1]  The State moved to revoke appellant=s
community supervision, alleging the following five violations:

(1)       Intentionally avoiding detention by a
person he knew to be a police officer;

(2)       Intentionally and knowingly possessing a
firearm;

(3)       Using marijuana;

(4)       Failing to submit a urine sample upon the
request of the Harris County Adult Probation Department; and 

(5)       Delinquency in payment of his community
supervision fees.  

 

Appellant pleaded not true to all five
allegations.  After a hearing on the
State=s motion
to revoke, the trial court found the allegations to be true and assessed
punishment at ten years=
confinement in the Texas Department of Criminal Justice, Institutional
Division.  This appeal ensued.

II.  Discussion

In a single issue, appellant
argues the evidence supporting the trial court=s order
revoking his community supervision is insufficient because a rational trier of
fact could not have found he possessed a firearm and evaded detention.  








In a community supervision
revocation proceeding, the State must prove by a preponderance of the evidence
that the defendant violated the conditions of his community supervision.  Joseph v. State, 3 S.W.3d 627, 640
(Tex. App.CHouston [14th Dist.] 1999, no
pet.).  If the greater weight of credible
evidence creates a reasonable belief the defendant violated the terms of his
supervision, the State satisfies its burden. 
See Battle v. State, 571 S.W.2d 20, 21B22 (Tex.
Crim. App. 1978); Joseph, 3 S.W.3d at 640.  We review a trial court=s
revocation order under an abuse of discretion standard, bearing in mind that
proof of a single violation is sufficient to support revocation.  See Cordona v. State, 665 S.W.2d 492,
493B94 (Tex.
Crim. App. 1984); Marcum v. State, 983 S.W.2d 762, 766B67 (Tex.
App.CHouston
[14th Dist.] 1998, pet. ref=d).  In a revocation proceeding, the trial court
acts as the sole trier of fact, exclusively judging the credibility and weight
given to the witnesses=
testimony.  McCullough v. State,
710 S.W.2d 142, 145 (Tex. App.CHouston
[14th Dist.] 1986, writ ref=d).  We evaluate the trial court=s decision
in the light most favorable to its ruling. 
Id.  

Appellant challenges the evidence
supporting only the alleged violations of evading detention and possessing a
firearm.  Because a single violation can
support revocation, we may affirm the judgment without addressing appellant=s
challenges to those violations if we conclude the State met its evidentiary
burden on any one of the other, unchallenged violations.  See Jones v. State, 571 S.W.2d 191,
193B94 (Tex.
Crim. App. [Panel Op.] 1978) (declining to consider appellant=s
challenge to one alleged violation where there was sufficient evidence to
support a different alleged violation); see also Joseph, 3 S.W.3d at 640
(noting an appellant must successfully challenge all findings supporting
a revocation order to prevail on appeal); Marcum, 983 S.W.2d at 766B67.  We therefore examine the evidence showing
appellant violated the terms of his community supervision by using marijuana.








The State=s
allegation of marijuana use is supported by a positive urine test.  At the revocation hearing, the State called
as a witness Reginald Dunn, appellant=s
community supervision officer.  Dunn
testified that appellant was restricted from using drugs while on community
supervision, and confirmed that on August 27, 2003, appellant tested positive
for marijuana.  Appellant did not object
to nor contradict this testimony, other than eliciting testimony from Dunn that
appellant had taken other drug tests and not tested positive.  Viewing the trial court=s
revocation decision in the light most favorable to its ruling, we conclude the
State proved by a preponderance of the evidence that appellant violated the
conditions of his community supervision by using marijuana.  Thus, we hold the trial court did not abuse
its discretion in revoking appellant=s
community supervision.  See Flournoy
v. State, 589 S.W.2d 705, 708 (Tex. Crim. App. [Panel Op.] 1979) (stating Awhen the
finding of a violation of a condition of probation is supported by a
preponderance of the evidence and procedural problems are not raised, the
discretion of the trial court to choose the alternative of revocation is at least
substantially absolute@).  

Because we have concluded the
trial court did not abuse its discretion when it found appellant violated the
terms of his community supervision through marijuana use, we need not address
appellant=s challenges to the sufficiency
of the evidence supporting the allegations of evading detention and possession
of a firearm.  See Gobell v. State,
528 S.W.2d 223, 224 (Tex. Crim. App. 1975); Jones, 571 S.W.2d at 193B94.  Accordingly, we overrule appellant=s sole
issue and affirm the judgment of the trial court.

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed June 30, 2005.

Panel consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 











[1]  In a previous appeal, this Court
reformed the judgment to reflect that: 
(1) appellant=s fine was probated along with his
sentence; and (2) the jury found appellant used a deadly weapon in the
commission of the offense.  Martinez
v. State, 874 S.W.2d 267, 268 (Tex. App.CHouston [14th Dist.] 1994, writ ref=d).