

# NUMBER 13-12-00241-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**JEFFREY J. SESSIONS,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

### On appeal from the 36th District Court
### of San Patricio County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Jeffrey J. Sessions appeals the revocation of his community supervision with respect to two judgments involving offenses for indecency with a child. The State filed a motion to revoke community supervision, and the trial court found the alleged violations to be true. The trial court thereafter adjudicated appellant guilty for the offense of indecency with a child by contact, a second-degree felony, imposed a $1,000 fine, and

sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID). The trial court also revoked community supervision for the offense of indecency with a child by exposure, a third-degree felony, imposed a $1,000 fine, and sentenced appellant to ten years' confinement in the TDCJ-ID. By two issues, appellant contends the trial court abused its discretion by (1) finding appellant intentionally or knowingly accompanied a minor in violation of his community supervision conditions; and (2) employing a "zero tolerance" approach in sentencing appellant. We affirm.

## I. BACKGROUND

In 2007, appellant, pursuant to a plea agreement, pleaded guilty to two counts of indecency with a child—one count by contact, a second-degree felony, and one count by exposure, a third-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a) (West 2011). With respect to the offense of indecency with a child by contact, the trial court deferred adjudication, imposed a $1,000 fine, and placed appellant on community supervision for a period of ten years. With respect to the offense of indecency with a child by exposure, the trial court adjudicated appellant guilty, imposed a $1,000 fine, and sentenced appellant to ten years' confinement in the TDCJ-ID, probated for a period of ten years. The "Conditions of Community Supervision" provided that appellant "not accompany any person under the age of eighteen (18) years without the presence of the minor's parent or parents[]" during the term of community supervision.

In 2011, the State moved to revoke appellant's community supervision, alleging appellant violated his community-supervision conditions by intentionally and knowingly

2

accompanying a child younger than eighteen years without the presence of the child's parent or parents. The alleged violation was reported to the probation department by two of appellant's neighbors. One neighbor, Veronica Willis, testified at appellant's revocation hearing. She stated that from her bedroom window, "I saw a child in his [appellant's] yard riding—he was teaching him how to ride his dirt bike." When asked how close appellant was to the child, Willis responded, "Relatively close. He was trying to show him. You could tell the child had never ridden one because he was trying to fall off, and he was showing him how to ride the bike." Willis claimed she saw the child at appellant's house on two occasions—the first time the child stayed "a good 20, 30 minutes that I actually watched[]", and the second time the child stayed "[p]robably an hour." Kori de los Santos, a probation officer who oversaw appellant's probation, testified that, according to appellant's statements to her, on the second occasion, appellant allowed the child "to ride the motor bike and he [the child] finally went home after several hours."

Mike Stimpleman testified for the defense. He stated the same child came to his house, which was down the street from appellant's, without invitation and rode Stimpleman's motorcycle without permission. He later saw the child at appellant's house, and noted that the child was about one arm's length away from appellant; "[t]hey were on opposite sides of the motorcycle." Stimpleman approached appellant and informed him that the child was "a thief and a liar . . . ." Stimpleman said he was going to call the police, and appellant testified that he decided to stay "out front waiting for the police."

3

Appellant also testified at the revocation hearing. Appellant did not deny that he had been in contact with the child, that the child was younger than eighteen, or that no parent of the child was present. According to appellant, the child showed up to his house uninvited. Appellant stated that he told the child "he needed to leave," but the child ignored him and "stayed right beside me. Every time I would move he would move." Appellant testified that he had cleaned out a shed earlier that day and had left his dirt bike in the yard with the key in it. Then, the child "proceeded to start it up. It was in neutral. He knew how to put it in gear, and he took off." Appellant emphasized that he told the child, "[Y]ou don't need to be riding[]", and he denied instructing the child on how to start the bike or shift gears on it. Appellant stated the child knew how to ride a dirt bike.

According to appellant, the child came to his house again the following day, saw appellant was about to ride the dirt bike, "so he jumps on it and he went riding." Appellant said that the child stayed at his house "[a] good 30 minutes" before leaving. Appellant explained that he did not attempt to forcibly evict the child for fear that touching the child "would be a major problem . . . ." Appellant did not attempt to leave because he "was afraid he would probably jump in with me, because every time I moved he would move with me." In addition, appellant was concerned the child would steal or damage his property while he was gone.

## II. SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant argues that the trial court abused its discretion by finding the violations to be true because the evidence was insufficient to prove that he intentionally or knowingly accompanied a child younger than eighteen years without the

presence of a parent. Specifically, appellant contends the State failed to prove (1) the identity and birth date of the minor; and (2) appellant accompanied the minor thereby acting intentionally or knowingly as asserted in the State's revocation motion.

## A.    Standard of Review

We review a trial court's order revoking community supervision for abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006) (en banc) (citing *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984)); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi 2003, no pet.). "In determining questions regarding sufficiency of the evidence in probation revocation cases, the burden of proof is by a preponderance of the evidence." *Rickels*, 202 S.W.3d at 763 (citing *Cardona*, 665 S.W.2d at 493); *see Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Jones*, 112 S.W.3d at 268. A preponderance of the evidence means that the greater weight of the evidence would create a reasonable belief that the defendant violated a condition of his community supervision. *Hacker*, 389 S.W.3d at 865 (citing *Rickels*, 202 S.W.3d at 764). If the State fails to meet its burden of proof, the trial court abuses its discretion by revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Id.* at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Jones*, 112 S.W.3d at 268.

**B.      Discussion and Analysis**

**1.      Identity and Age of the Child**

The State was required to prove by a preponderance of the evidence that appellant accompanied a child younger than eighteen years without the presence of the minor's parent or parents.   Appellant argues that because the State included the child's name and birth date in its revocation motion, it was therefore bound to prove the child's identity and birth date as elements of the violation.   We disagree.

Appellant correctly notes that the State must prove every element of at least one ground for revocation by a preponderance of the evidence.   *See Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.); *see also Guerra v. State*, Nos. 13-99-00311-CR & 13-99-00312-CR, 2000 WL 34252068, at *3 (Tex. App.—Corpus Christi July 27, 2000, no pet.) (not designated for publication) (citing *McCullough v. State,* 710 S.W.2d 142, 145 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd)).   This requirement simply means that the State must present the greater weight of credible evidence to create a reasonable belief that it is more probable than not that a condition of probation has been violated as alleged in the motion to revoke.   *Moore*, 11 S.W.3d at 198.

The State's burden was to prove that appellant accompanied a child younger than eighteen, not the actual birth date of a child younger than eighteen.   Further, the State was required to show that appellant accompanied a minor, not the name of the minor that appellant was accompanying.[1]   De los Santos testified to the child's name and to the fact

---

[1]   The allegations in a revocation motion do not require the same particularity as an indictment or information, but they must fully and clearly set forth the alleged violation of probation so that defendant and

6

that he was younger than eighteen. Willis stated that the child looked "about maybe 12."

When appellant was asked if he denied that "this young man that they're talking about"

was at his house, appellant responded, "I do not deny that." The following exchange

occurred during cross-examination of appellant:

> Q:    Mr. Sessions, there is no question based on your testimony here today you've admitted to the Court that this child was at your house, correct?
>
> A:    Yes, sir—yes, ma'am.
>
> Q:    All right. And that the child was under the age of 18, correct?
>
> A:    That's what he told me.

Viewing the evidence in the light most favorable to the trial court's ruling, we

conclude that it did not abuse its discretion on the grounds that the State failed to prove

the child's name and birth date. Session's own testimony established these elements.

### 2.    Actus Reas and Mens Rea

Appellant argues that the term "accompany" does not encompass the conduct that

he was engaged in. Rather, he asserts that he did not accompany the child because he

did not intentionally and knowingly engage in the conduct alleged to be a community

supervision violation.

The term "accompany" is not defined in appellant's conditions for probation or in

the Texas Penal Code. Black's Law Dictionary defines accompany as, "To go along with

---

his counsel are apprised as to the allegation upon which he will be called to defend at the revocation hearing. *See Garner v. State*, 545 S.W.2d 178, 179 (Tex. Crim. App. 1977). Appellant does not argue that the State's revocation motion inadequately apprised him of his alleged violations, and he did not he file a motion to quash the revocation motion.

(another); to attend." BLACK'S LAW DICTIONARY 18 (9th ed. 2009). The Texas Penal Code defines the two mental states as follows:

> A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

> A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to the result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

TEX. PENAL CODE ANN. § 6.03(a)–(b) (West 2011).

We agree with appellant that "[t]he use of the word accompany implicates an action by the offender" rather than a passive state involving incidental contact. Whether appellant's conduct is passive and incidental or more active, however, turns on a review of the credibility of the witness. Willis testified that appellant was close to the child and teaching him how to ride appellant's dirt bike, whereas appellant claimed the child initiated the contact and hounded him despite his protests.

In essence, appellant asserts that his version of the events is correct, and that Willis was mistaken in her observations. We defer to the trial court's determination of the credibility of the witnesses when there are competing versions of the facts. *See Cardona*, 665 S.W.2d at 493–94 (holding trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony and appellate courts review the evidence in the light most favorable to the trial court's ruling); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981) (same); *Jones*, 112 S.W.3d at 268 (same). Willis's testimony portrayed appellant as accompanying, or going along with or attending, the child in violation of appellant's community-supervision conditions. Whether

appellant acted intentionally or knowingly can be inferred from appellant's acts. *See Kirsch v. State*, 357 S.W.3d 645, 651 (Tex. Crim. App. 2012); *Garza v. State*, 398 S.W.3d 738, 744 (Tex. App.—Corpus Christi 2010, pet. ref'd). Viewing the evidence in the light most favorable to the trial court's ruling, we conclude the evidence sufficiently showed that appellant intentionally or knowingly accompanied a child younger than eighteen years without the presence of a parent.

We overrule appellant's first issue.

### III. PROPRIETY OF SENTENCE

By his second issue, appellant argues that the trial court abused its discretion by sentencing him to imprisonment based on "zero tolerance" rather than consideration of all factors. Appellant's contention is a due process argument, challenging the neutrality of the trial judge. *See Earley v. State*, 855 S.W.2d 260, 261 (Tex. App.—Corpus Christi 1993), *pet. dism'd, improvidently granted*, 872 S.W.2d 758 (Tex. Crim. App. 1994); *Howard v. State*, 830 S.W.2d 785, 787–88 (Tex. App.—San Antonio 1992, pet. ref'd). Appellant did not object to the sentence when the trial court pronounced it. In his motion for new trial, which was denied by operation of law, *see* TEX. R. APP. 21.8(c), appellant asked the trial court to "reconsider its pronouncement of sentence," but he premised the request on further consideration of "the input of the victim of this case." Appellant did not at any time discuss due process or judge neutrality.

As a prerequisite to presenting a complaint for appellate review, appellant must preserve error by making a complaint to the trial court by timely request, objection, or motion stating the grounds of the complaint with sufficient specificity and pursuing it to an

9

adverse ruling.  *See* TEX. R. APP. P. 33.1.  Preservation is required even for due process complaints.  *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("[N]umerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for the purposes of appellate review unless properly preserved."); *Hull v. State*, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002) (holding defendant failed to preserve his complaint because he "did not object to the 'zero tolerance' policy until his direct appeal."); *Gipson v. State*, 395 S.W.3d 910, 916 (Tex. App.—Beaumont 2013, no pet.) (citing *Rogers v. State*, 640 S.W.2d 248, 263–64 (Tex. Crim. App. 1982) (panel op.)) (requiring objection at the time of revocation to preserve due process complaint).  Appellant failed to preserve this issue for our review.  *See* TEX. R. APP. P. 33.1(a).  We overrule appellant's second issue

## IV. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of July, 2013.