# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00595-CV

---

**In re Freddie Lee Smith**

---

### ORIGINAL PROCEEDING FROM BASTROP COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Freddie Lee Smith, an inmate proceeding pro se, has filed a petition for writ of mandamus complaining of the trial court's alleged failure to rule on his motion to compel his appellate counsel to surrender certain attorney-client files related to Smith's trial and conviction on the charge of capital murder. In his Response, real party in interest Christopher M. "Matt" Dillon, Smith's appellate counsel, argues that the trial court lacked jurisdiction to rule on the motion, and that, in any event, Dillon never obtained the requested files and therefore cannot provide them. Because we agree with Dillon's first argument, we deny the petition for writ of mandamus without considering the fact issue of whether Dillon is in possession of the requested materials. *See* Tex. R. App. P. 52.8(a).

Before a trial court may act, it must have jurisdiction to do so. *Yarbrough v. State*, 703 S.W.2d 645, 648 (Tex. Crim. App. 1985); *State v. Klein*, 224 S.W.2d 250 (Tex. 1949). Jurisdiction expires when a case becomes final or is taken to a higher court. *State v. Patrick*, 86 S.W.3d 592, 596 (Tex. Crim. App. 2002) (plurality op.) (orig. proceeding). In a criminal

case, appeal is perfected by timely filing a sufficient notice of appeal. Tex. R. App. P. 25.2(b). Once the record has been filed in the appellate court, all further proceedings in the trial court are suspended until the trial court receives the appellate-court mandate. *Id.* at 25.2(g).

A non-certified copy of the motion on which Smith alleges the trial court failed to rule is attached as an exhibit to Smith's petition. Its caption makes clear that the motion was filed in case number 16,977 in the 423rd District Court, Bastrop County, Texas. The caption also expressly references Smith's appeal, filed in this Court. *See Smith v. State*, No. 03-22-00411-CR, 2023 WL 5597350 (Tex. App.—Austin Aug. 30, 2023, no pet.) (mem. op., not designated for publication).

Under the Texas Rules of Evidence, a court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Tex. R. Evid. 201(b)(2). This provision has been construed to permit a court to take judicial notice of its own orders, records, and judgments. *Jubert v. State*, 753 S.W.2d 458, 459 (Tex. App.—Texarkana 1988, no pet.). Moreover, a court of appeals has the power to take judicial notice for the first time on appeal. *Office of Pub. Util. Counsel v. Public Util. Comm'n*, 878 S.W.2d 598, 600 (Tex.1994).

Here, we take judicial notice of the fact that the reporter's record and clerk's record in Smith's appeal from his capital murder conviction were both filed with this Court on July 27, 2022; that this Court's memorandum opinion affirming the conviction was issued August 30, 2023; that a petition for discretionary review has been filed with the Court of Criminal Appeals; and that the mandate therefore remains pending at this time. From the face of Smith's motion to compel, it appears that it was filed April 25, 2023. Thus, under Rule 25.2 of the Texas Rules of Appellate Procedure, Smith's motion was filed with the trial court after that

court no longer had jurisdiction by reason of Smith perfecting an appeal to this Court, and during the suspension of proceedings in that court required by the rule. Assuming Smith's exhibit is an accurate representation of the motion he filed with the trial court, that court not only was under no obligation to rule on it but indeed had no power to do so.

For the reasons set forth above, we deny the petition for writ of mandamus.

_____
Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Filed: January 19, 2024

3