Mike Romo AMADO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–96–01539–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 17, 1998.

---

**2.** The harmless error rule is now found in TEX. R.APP.P. 44.2.

Tom Zakes, Houston, for Appellant.

- John B. Holmes, S. Elaine Roch, Houston, for Appellee.

Before Justices MIRABAL, NUCHIA, and HUTSON–DUNN [1]

## OPINION

SAM NUCHIA, Justice.

This is an appeal of a revocation of probation in which appellant was sentenced to six years in prison. We modify the judgment of the trial court and affirm the judgment as modified.

## BACKGROUND

On August 19, 1988, appellant pleaded guilty to the charge of theft in an aggregate amount greater than $20,000. Punishment was assessed at ten years confinement, probated for ten years. On March 4, 1996, appellant's probation was revoked, he was sentenced to two years confinement, and he began serving his sentence. On June 3, 1996 the trial court suspended the sentence in response to appellant's motion and placed him on "shock" probation. On November 18, 1996, the trial court revoked appellant's "shock" probation in response to the State's motion to revoke. On December 13, 1996, the trial court sentenced appellant to six years confinement.

## DISCUSSION

In his first point of error, appellant contends that the trial court erred in sentencing appellant to a period of incarceration greater than the two year sentence imposed by the court in his first revocation hearing. When a court grants community supervision under article 42.12, section 3, of the Texas Code of Criminal Procedure, the imposition of the sentence is suspended and the sentence is imposed only if there is a revocation of the probation. *O'Hara v. State,* 626 S.W.2d 32, 34–35 (Tex.Crim.App.1981). When a court grants community supervision under article 42.12, section 6 ("shock proba-

---

1. The Honorable D. Camille Hutson–Dunn, retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

tion"), the court imposes the sentence, the defendant actually serves a portion of the sentence, and the court, by granting "shock" probation, suspends the further execution of the sentence. *Id.* It follows that revocation of shock probation simply reinstates the execution of the imposed sentence.

In the present case, appellant's probation was revoked and the trial court, as permitted by section 23 of article 42.12, reduced appellant's term of confinement to two years and imposed a two year sentence, which appellant began to serve. The trial court then granted appellant "shock probation." When the second probation was revoked, the sentence to be reinstated was the two year sentence, and the trial court abused its discretion in imposing a sentence that was greater than the reduced sentence of two years.

We sustain appellant's first point of error.

■ In his second point of error, appellant complains that there was insufficient evidence to support the revocation of appellant's shock probation.

■ In a hearing on a motion to revoke probation, the State must prove every element of the grounds asserted for revocation by a preponderance of the evidence. *McCullough v. State*, 710 S.W.2d 142, 145 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd). The trial judge acts as the sole trier of fact and may judge the credibility and weight of the testimony. *Id.* On appeal, the court of appeals must view the evidence in the light most favorable to the conclusion of the trial court. *Id.*

In this case, the State filed a motion to revoke probation on the ground of a new violation of the law: the theft of a bracelet belonging to Jacqueline Samuelson having a value of over $1,500 and under $20,000. A person commits theft if he unlawfully appropriates property with intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a) (Vernon 1994). Appropriation of property is unlawful if it is without the owner's effective consent. TEX. PEN. CODE ANN. § 31.03(b) (Vernon 1994).

Jacqueline Samuelson testified that she and appellant became friends and dated for a period of time. Appellant told her he was the head of the Harbor Community Center, an agency that deals with individuals with alcohol problems. Appellant also told her that his brother was a jeweler who could repair her jewelry and make appraisals. Ms. Samuelson owned a sapphire and diamond ring, two diamond tennis bracelets, a gold chain, and a pair of emerald earrings. Both of the bracelets, one worth about $1,200 and the other worth over $4,500, were broken.

Ms. Samuelson testified that, on September 19, 1996, she entrusted these items of jewelry to appellant so that he could have his brother repair the broken bracelets and give her an appraisal on all the items for insurance purposes. She has never seen the jewelry since that time. Ms. Samuelson became concerned because appellant did not return her phone calls, and, on October 9, 1996, she sent a certified letter to him informing him that, if he did not return her jewelry within ten days, she would contact the police. Appellant telephoned Ms. Samuelson and said he would get back to her. He did not call her again, and she contacted the police.

Appellant was arrested on November 5, 1996. He sent Ms. Samuelson a letter telling her he was sorry for what had happened and asked that she drop the charges so he would not have to go back to prison.

Appellant testified that he did not have the intent to deprive Ms. Samuelson of her property. He claimed that she said the jewelry was given to her by an ex-boyfriend and that he could sell it or borrow money on it, but that she wanted the two bracelets back. Appellant said that he gave the jewelry to the community center's financial administrator, David Salsa, to take to a shop. He also said that, after receiving Ms. Samuelson's letter, he instructed Mr. Salsa to get the property back.

Appellant testified that he broke off his relationship with Ms. Samuelson about two weeks before she sent him the demand letter. He said he sent the letter of apology to express concern for the end of their relationship and her emotional problems, not to apologize for stealing her jewelry. He admitted that in the three weeks between her demand

letter and his arrest, he did not recover any of the jewelry from the pawn shop.

Even though Ms. Samuelson placed her jewelry in appellant's possession, her consent is not effective if induced by deception. *Skillern v. State,* 890 S.W.2d 849, 871 (Tex.App.—ustin 1994, pet. ref'd). The intent to deprive may be inferred from the failure to return the property. *Rowland v. State,* 744 S.W.2d 610, 613 (Tex.Crim.App. 1988).

Although there was conflicting evidence in this case, reconciliation of those conflicts was within the exclusive province of the trier of fact. *Heiselbetz v. State,* 906 S.W.2d 500, 504 (Tex.Crim.App.1995). Viewing the evidence in the light most favorable to the conclusion of the trial court, the evidence was sufficient to prove by a preponderance of the evidence that appellant committed the offense of theft.

We overrule appellant's second point of error.

We modify the judgment to impose a sentence of two years confinement, and, as modified, we affirm the trial court's judgment.