Opinion issued April 25, 2002











 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00256-CR

____________


VICTOR WILLIAM LEE, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 837831






O P I N I O N

 Appellant, Victor William Lee, appeals from the trial court's judgment
revoking his probation and sentencing him to two years confinement in a state jail and
a $1,000 fine.

 In two points of error, appellant claims the evidence was insufficient to
establish that he violated the terms of his probation and the trial court erred in
overruling appellant's objection to hearsay testimony.

 We affirm.

Facts and Procedural History


 In May of 2000, appellant was convicted of unauthorized use of a motor
vehicle and sentenced to two years confinement in a state jail, probated for four years,
and a $1,000 fine. In January of 2001, the State filed a motion to revoke appellant's
probation alleging several grounds, including that appellant had "[c]ommitt[ed] an
offense against the State of Texas" by assaulting his fiancée, Lydia Rodriguez. 
Appellant pleaded not true to the allegations in the State's motion.

 Following a hearing on the State's motion to revoke probation, the trial court
found all the allegations in the motion true and revoked appellant's probation. 
However, the trial court signed an order reciting only one finding, that appellant
"violated the terms of his probation by committing an offense against the State of
Texas."

Sufficiency of the Evidence


 In his first point of error, appellant argues the evidence presented at the hearing
was insufficient to show he violated the laws of this state by committing assault.

 In a hearing on a motion to revoke probation, the State must prove every
element of the grounds asserted for revocation by a preponderance of the evidence. 
Amado v. State, 983 S.W.2d 330, 332 (Tex. App.--Houston [1st Dist.] 1998, pet.
ref'd). This standard is met when the greater weight of the credible evidence creates
a reasonable belief that the defendant violated a condition of his probation as the
State alleged. Jenkins v. State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983). The
trial judge acts as the sole trier of fact and may judge the credibility and weight of the
testimony. Amado, 983 S.W.2d at 332. On appeal, the court of appeals must view
the evidence in the light most favorable to the conclusion of the trial court. Id.

 The State alleged in its motion that appellant had violated the conditions of his
probation by assaulting Rodriguez. A person commits an offense if the person
"causes bodily injury to another" or "threatens another with imminent bodily injury." 
Tex. Pen. Code Ann. §§ 22.01(a)(1), (a)(2) (Vernon Supp. 2002).

 At the hearing on the State's motion to revoke probation, Rodriguez testified
she was living with appellant at his house on December 31, 2000. She explained that
she and appellant got into an argument that "got a little rough" after appellant accused
Rodriguez of stealing his prescription medicine and Rodriguez hit appellant with her
shoe. Rodriguez admitted that, during the argument, she sustained injuries including
a blackened left eye, a scrape under her right eye, a scar on her forehead, scrapes on
the side of her face, and a scrape or bruise on her back. She testified that none of her
injuries were caused by appellant hitting or kicking her but were caused when she and
appellant accidentally "butted heads" and when she pulled away from appellant and
fell over a chair and into a wall. Rodriguez admitted that, following the argument,
she called the police and told the responding officer appellant had kicked her in the
face and mid-section. However, at the hearing Rodriguez testified these statements
were false. Rodriguez, who was three months pregnant at the time of the argument,
also testified appellant threatened to kill her if she called the police.

 Harris County Deputy Constable Stanley Jolly testified he met with Rodriguez
on December 31, 2000 at her friend's house and Rodriguez appeared scared,
frightened, teary eyed, and very upset. Constable Jolly observed black and blue
marks on Rodriguez's face and back. Jolly testified that Rodriguez told him appellant
assaulted her by pulling her hair and kicking her in the face and back and appellant
threatened to kill her if she called the police. Jolly stated he spoke to appellant after
interviewing Rodriguez, and appellant told him that Rodriguez had hit appellant in
the hand with her shoe and appellant then hit her in response. Appellant expressed
no remorse to Jolly, and stated Rodriguez "got what she deserved." Jolly observed
appellant's hand was swollen but saw no injuries on appellant's face.

 Appellant testified that, at the time of the argument with Rodriguez, he had just
gotten out of the hospital and "was not in my right frame of mind." Appellant
admitted that it was not appropriate, under any circumstances, to "get physical" with
a pregnant woman, even when provoked. Appellant denied ever hitting or kicking
Rodriguez. On cross-examination, appellant admitted that he had previously pleaded
guilty to the following offenses: (1) assaulting another woman; (2) engaging in an
act of lewd conduct with a 17-year old female; (3) burglary of a motor vehicle; and
(4) retaliation, by threatening to kill a police officer and his family.

 Although there was conflicting evidence in this case, reconciliation of those
conflicts was within the exclusive province of the trier of fact. Amado, 983 S.W.2d
at 333. The trial court was entitled to disregard Rodriguez's recanting of her
statements to the constable. Viewing all the testimony presented at the hearing on the
motion to revoke probation in the light most favorable to the conclusion of the trial
court, we hold the evidence was sufficient to prove by a preponderance of the
evidence that appellant committed the offense of assault.

 We overrule appellant's first point of error.

Hearsay Testimony


 In his second point of error, appellant argues the trial court erred in overruling
his objection to hearsay testimony from Constable Jolly.

 Over appellant's hearsay objection, Jolly testified Rodriguez told him that
appellant had accused Rodriguez of stealing things from his house, pulled her out of
bed by her hair, and began kicking her in the face and back. However, the record
indicates that both Jolly and Rodriguez testified to essentially the same evidence
without objection. Given the testimony in the record from Rodriguez and Jolly to
which no objection was raised, and assuming, without deciding, that Jolly's testimony
constituted hearsay, we find any error in admitting such testimony was harmless. 
Tex. R. App. P. 44.2; see Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim. App.
1986) ("Inadmissible evidence can be rendered harmless if other evidence at trial is
admitted without objection and it proves the same fact the inadmissible evidence
sought to prove.").

 We overrule appellant's second point of error.

Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.


Do not publish. Tex. R. App. P. 47.