In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-01-00330-CR

____________


RICKEY RAY SCOTT, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause No. 87CR0952






O P I N I ON

 Appellant was charged by indictment with burglary of a habitation. Appellant entered
a plea of guilty and waived a trial by jury. The trial court deferred a finding of guilt and
placed appellant on community supervision for two years. The State filed a motion to
adjudicate guilt, revoke community supervision, and sentence defendant. Appellant pled true
to that motion, and the trial court found appellant guilty and assessed punishment at five
years in prison. The trial court then again placed appellant on community supervision for
five years. 

 The State filed a motion to revoke appellant's second community supervision. In its
motion, the State alleged ten violations of the terms and conditions of appellant's community
supervision. Appellant pled not true to the State's motion. The trial court found nine of the
ten violations to be true and revoked appellant's community supervision. The court assessed
punishment at five years in prison.

DISCUSSION


 In his first six points of error, appellant contends that the trial court abused its
discretion by revoking his community supervision based on various grounds. The only
question presented in an appeal from an order revoking community supervision is whether
the trial court abused its discretion. Jackson v. State, 645 S.W. 2d 303, 305 (Tex. Crim. App.
1983). In a hearing on a motion to revoke probation, the State must prove every element by
a preponderance of the evidence. Amado v. State, 983 S.W. 2d 330 (Tex. App.--Houston
[1st Dist.] 1998, pet. ref'd). When the State has failed to meet is burden of proof, the trial
court abuses its discretion in issuing an order to revoke community supervision. Greathouse
v. State, 33 S.W.3d 455, 458 (Tex. App.--Houston [1st Dist.], 2000 no pet.). When more
than one ground is raised, one sufficient ground for revocation will support the court's order
to revoke probation. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Jones
v. State, 571 S.W.2d 191, 194 (Tex. Crim. App. 1978). We will first consider the ground for
revocation that appellant complains about in his third point of error. 

 In his third point of error, appellant complains the trial court abused its discretion in
revoking his community supervision on the ground that appellant's three urine samples tested 
positive for cocaine. Also, appellant contends that the State's evidence regarding the
laboratory test results was inadmissible hearsay. In the hearing on the motion to revoke
community supervision, appellant did not object to the testimony about the urine samples. 
Therefore, he failed to preserve any error regarding the admissibility of the evidence for
appeal. See Tex. R. App. P. 33.1. 

 Appellant's court-ordered community supervision included the condition that he,

 18. Participate in a drug screening program designed to detect controlled
substances as directed by the G.C.C.S.C.D, Defendant agrees to refrain from
breaking any Texas Drug laws and realizes that failure to get a clean report
from such drug screening may alone be sufficient to revoke his/her community
supervision.


Appellant was required to report to Linda Wilson, a Galveston County Community
Supervision officer. Wilson testified that appellant's urine samples came back from the lab
on October 9th, April 29th, and July 29th and were positive for cocaine. Appellant also
testified, and he failed to give any explanation of why he tested positive for cocaine. In fact,
when the State asked, "so, they gave you three bites at the apple . . . to try to get some clean
urine, correct?" appellant nodded his head in response. 

 We find that the State proved by a preponderance of the evidence that appellant
violated the terms and conditions of his community supervision by testing positive for
cocaine, and, therefore, the trial court did not abuse its discretion. Because one sufficient
ground for revocation will support a court's order for revoking probation, we need not
consider appellant's other five points of error dealing with the trial court's abuse of
discretion in revoking appellant's probation on insufficient grounds. Accordingly, we
overrule appellant's points of error one, two, three, four, five, and six.

 In his seventh point of error, appellant contends that he was denied due process of law
because the trial court failed to issue a written statement of evidence relied on to revoke
appellant's community supervision. In his brief, appellant states, "the minimum
requirements of due process, which must be observed in probation revocation hearings . . .
include: . . . a written statement by the fact finders as to the evidence relied on the reasons
for revoking probation."

 The trial court made oral findings of fact in which it found allegation one in the
State's motion not true and the other nine allegations true, and the court revoked appellant's
community supervision. Appellant did not request that the trial court make written
statements of the evidence relied on nor did he object to the trial court's failure to make such
written statements. Because appellant did not raise this issue at the trial court and therefore 
has waived his due process claim, we need not address it. See Ladd v. State, 3 S.W.3d 547,
561 (Tex. Crim. App. 1999); Tex. R. App. Proc. 33.1. Accordingly, we overrule appellant's
seventh point of error.







 We affirm. 



 



 Sam Nuchia

 Justice


Panel consists of Justices Cohen, Nuchia, and Smith. (1)

Do not publish. Tex. R. App. P. 47.


1. The Honorable Justice Jackson B. Smith, retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.