Opinion issued September 25, 2003
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00860-CR




GERARD MICHAEL TAYLOR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 699625




O P I N I O N
          Appellant, Gerard Michael Taylor, appeals the trial court’s order revoking his
“shock” community supervision. We decide (1) whether the district court erred in
denying appellant credit on his sentence for time served in a Substance Abuse Felony
Punishment Facility (“SAFPF”) and (2) whether the order revoking community
supervision erroneously included a fine that the trial court did not pronounce orally. 
We affirm.
Background
          On December 8, 1995, appellant pleaded guilty without an agreed punishment
recommendation to the offense of possession of heroin with intent to deliver. The
trial court deferred adjudication of guilt, placed appellant on community supervision
for 10 years, and assessed a $1,000 fine. On July 10, 1998, the trial court adjudicated
appellant’s guilt and assessed punishment orally at 10 years in prison, but did not
assess a fine orally. However, the order adjudicating guilt included a $1,000 fine. 
          Appellant appealed from the order adjudicating guilt, but on appellant’s
motion, this Court dismissed the appeal on October 7, 1999, before issuing an opinion
on the merits. See Taylor v. State, No. 01-98-00805-CR (Tex. App.—Houston [1st
Dist.] Oct. 7, 1999, no pet.) (not designated for publication). The trial court docketed
the date that it received mandate as November 30, 1999.
          Appellant then moved for shock community supervision. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 6(a), (b) (Vernon Supp. 2003). On December 1, 1999,
the trial court heard and granted appellant’s motion, placing him on community
supervision for 10 years. No reporter’s record was made of that hearing; the record
contains no community-supervision order; the docket sheet noted merely, “Court
granted defense motion for shock probation and placed Defendant on probation for
10 years”; and the later revocation order was ambiguous about this aspect of the
community-supervision order. It is thus unclear whether the $1,000 fine assessed
upon adjudication of guilt was suspended or whether its payment was made a
condition of appellant’s shock community supervision.
          We do know at least some matters concerning the granting of appellant’s
community supervision, however. For example, one of the conditions was that
appellant be placed in an SAFPF. Appellant successfully completed and was released
from the SAFPF program on August 22, 2000.
          On May 22, 2002, the State moved to revoke appellant’s community
supervision for his having committed another narcotics offense, among other things. 
On July 30, 2002, appellant pled true to the narcotics-offense violation. The trial
court revoked appellant’s community supervision and verbally assessed appellant’s
punishment at nine years in prison, without mentioning a fine. However, a $1,000
fine was noted in the Court’s docket sheet for the revocation hearing, and the order
revoking community supervision included a $1,000 fine as punishment. The trial
court credited appellant for time spent in prison, but overruled appellant’s objection
to the court’s decision not to grant credit for time that appellant had spent in the
SAFPF.
 
Credit for Time Spent in the SAFPF
          In his first issue, appellant claims that the trial court erred in failing to give him
credit for time served in the SAFPF. 
          A trial court must give a criminal defendant credit on his sentence “for the time
that the defendant has spent in jail in said cause, other than served as a condition of
community supervision . . . .” Tex. Code Crim. Proc. Ann. art. 42.03, § 2(a)
(Vernon Supp. 2003) (emphasis added). Appellant was credited on his sentence with
time spent in jail; however, he argues that he should also have been credited for time
spent in the SAFPF because the facility is like a jail, in that it is operated by TDCJ. 
See Tex. Gov’t Code Ann. § 493.009(a)-(g) (Vernon 1998). 
          An SAFPF is not a jail, nor is it treated like one for purposes of the Code of
Criminal Procedure’s provisions concerning credit for time served. For this reason,
one of our sister courts of appeals has held, albeit in an unpublished opinion, that a
defendant could not obtain credit for time served in an SAFPF as a condition of
community supervision. See Garcia v. State, 2002 WL 1421539 at *1 (Tex.
App.—Amarillo June 28, 2002, no pet.) (not designated for publication). 
Additionally, we note that, even if appellant were correct that an SAFPF is the
equivalent of a jail for purposes of article 42.03, section 2(a), the trial court would not
have been required to give credit for time spent there: giving credit for time in
confinement is not precluded, but is also not required, by article 42.03, section 2(a)
if the confinement was a condition of community supervision, as it would have been
here. See Ex Parte Quinby, 928 S.W.2d 565, 566 (Tex. Crim. App. 1996) (holding
that “[Code of Criminal Procedure] [a]rticle 42.03, § 2(a) requires a trial court to give
credit for jail time which is not a condition of community supervision, but does not
itself preclude credit for confinement as a condition of community supervision,
although other statutes do preclude such credit under some situations.”) (citations
omitted).
          Additionally, the Code of Criminal Procedure provides that, when a
defendant’s community supervision is revoked, no part of the time that the defendant
was on community supervision may be considered as any part of the time that he is
sentenced to serve. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp.
2003). The Code provides for mandatory and discretionary exceptions to article
42.12, section 23(b)’s prohibition,


 but an SAFPF does not fit within those
exceptions. Indeed, the Legislature’s having carved out an exception to article 42.12,
section 23(b)’s prohibition for time spent in a state-jail-felony facility, but not for
time spent in an SAFPF, shows the Legislature’s intent not to allow credit for time
served in the latter facility.


 Compare Tex. Code Crim. Proc. Ann. art. 42.12, §
15(d), (h)(3) (Vernon Supp. 2003) (providing for mandatory credit for time spent
after sentencing in a state-jail-felony facility as condition of community supervision)
with Tex. Code Crim. Proc. Ann. art. 42.12, § 14 (Vernon Supp. 2003) (allowing
term in SAFPF to be community-supervision requirement, but not mentioning credit
for time spent in SAFPF) and Tex. Gov’t Code Ann. § 493.009 (Vernon 1998)
(concerning SAFPF; not mentioning credit for time spent in SAFPF). Accordingly,
at least two of our sister courts of appeals, again in unpublished opinions, have relied
on article 42.12, section 23(b) in concluding that a defendant is not entitled to credit
for time spent at an SAFPF. See Sims v. State, 2000 WL 22569 at *2 (Tex.
App.—Dallas Feb. 29, 2000, no pet.) (not designated for publication) (holding same
under predecessor to current article 42.12, section 23(b)); see also Bush v. State, 2000
WL 1672065 at *5 (Tex. App.—Texarkana Nov. 8, 2000, no pet.) (not designated for
publication) (noting same in dicta when holding that statutory denial of credit for time
served in SAFPF did not violate Equal Protection Clause or statute governing plea
proceedings); Norris v. State, 2000 WL 1062658 at *2 n.4 (Tex. App.—Texarkana
Aug. 4, 2000, no pet.) (not designated for publication) (implying same).
          Appellant nonetheless responds that the Legislature intended “by inference”
to allow sentencing credit for time served in an SAFPF because Government Code
section 493.009, which governs SAFPFs, expressly excludes the award of good-conduct time while at an SAFPF, but is silent on sentencing credit for time spent
there:
The [TDCJ] shall establish a graded system of rewards and sanctions for
defendants who participate in the [SAFPF] program, but a defendant
required to participate in the program under Section 14, Article 42.12,
Code of Criminal Procedure,


 is not entitled to earn awards of time for
good conduct.

Tex. Gov’t Code Ann. § 493.009(d) (Vernon 1998). That provision does not do
what appellant claims. The quoted sentence concerns developing a system of rewards
and sanctions for SAFPF participants; the mention of awards for good-conduct time
(a potential “reward” because tied to the participant’s behavior), but not of flat credit
for time served (not a “reward” because not tied to the participant’s behavior), thus
has no significance. More importantly, however, the omission of any mention of
credit for time served merely leaves intact the general rule that, upon revocation, no
part of the time that the defendant was on community supervision may be considered
as part of the time of his sentence. See Tex. Code Crim. Proc. Ann. art. 42.12, §
23(b).
          We overrule appellant’s first issue.Imposition of $1,000 Fine
          In his second issue, appellant argues that the order revoking his community
supervision erroneously included a $1,000 fine that the trial court did not pronounce
orally.
          The court must generally pronounce a defendant’s sentence in the defendant’s
presence. Tex. Crim. Proc. Code Ann. art. 42.03, § 1(a) (Vernon Supp. 2003). 
Therefore, “when there is a variation between the oral pronouncement of sentence and
the written memorialization of the sentence, the oral pronouncement controls.” 
Coffey v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Appellant claims that
his fine must be struck because (1) the trial court did not impose a fine orally when
it adjudicated his guilt, (2) the trial court thus could not include a fine in the judgment
adjudicating guilt, (3) the trial court never subsequently imposed a fine as
punishment, and (4) there was thus no oral pronouncement of a fine to support the
fine assessed in the written revocation order.
          The State concedes that the trial court erred in including the $1,000 fine in the
judgment adjudicating guilt. See Coffey, 979 S.W.2d at 328. Nevertheless, the State
claims that appellant’s position is without merit because (1) appellant voluntarily
dismissed his appeal from the adjudication judgment; (2) the adjudication judgment,
and the fine that it assessed, became final; and (3) the trial court thus had discretion
to include the fine from the adjudication judgment in the order revoking community
supervision, even without again assessing the fine orally. Thus, the State construes
appellant’s challenge as an impermissible collateral attack on the judgment
adjudicating his guilt.
          The judgment adjudicating guilt—along with its improper, but unattacked,
fine—became final when appellant dismissed his appeal from that judgment. When
imprisonment and a fine are imposed in the underlying judgment, and the order
imposing community supervision does not suspend the fine, the order revoking
community supervision may include the remaining amount of the fine as punishment
even if the trial court does not again mention the fine verbally at the revocation
hearing. See id. at 328; see also George E. Dix & Robert O. Dawson, 42 Texas
Practice—Criminal Practice & Procedure, § 40.113 at 155 (2d ed. 2001)
[hereinafter “Dix & Dawson”]. This result ensues because, when a court grants
shock community supervision under article 42.12, section six, the sentence has
already been imposed and partially served, and the court is merely suspending further
execution of the sentence. See Tex. Code Crim. Proc. Ann. art. 42.12, § 6(a)
(Vernon Supp. 2003); Amado v. State, 983 S.W.2d 330, 331-32 (Tex. App.—Houston
[1st Dist.] 1998, pet. ref’d). Therefore, revocation of shock community supervision
simply reinstates the execution of the previously imposed sentence. Amado, 983
S.W.2d at 332. Upon revocation, the trial court may impose a sentence (1) as long
as, but not longer than, the punishment previously assessed and (2) no shorter than
the minimum statutory punishment for the offense. See Tex. Code Crim. Proc. Ann.
art. 42.12, § 23(a) (Vernon Supp. 2003); Amado, 983 S.W.2d at 332; see also Dix &
Dawson, § 40.113 at 154-55. Moreover, if a fine was included in the underlying
judgment, but was never suspended, then the revocation order may logically carry
forward the fine as punishment without further verbal mention. see Dix & Dawson,
§ 40.113 at 155.
          Here, the adjudication judgment included the fine. We cannot tell from the
record whether the shock community-supervision order suspended the fine. The trial
court simply carried the fine forward into the revocation order. Nothing shows that
this was error. To the extent that appellant may be complaining that no oral
pronouncement of the fine preceded the written judgment adjudicating guilt,


 that
complaint had to be made in an appeal from the adjudication judgment and cannot be
made in a later appeal from an order revoking shock community supervision.


 See
Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999); Whetstone v. State,
786 S.W.2d 361, 363 (Tex. Crim. App. 1990), overruled on other grounds by
Gollihar v. State, 46 S.W.3d 243 (Tex. Crim. App. 2001).
          Accordingly, we overrule appellant’s second issue. 
 

Conclusion
          We affirm the order of the trial court.
 

 
Tim Taft
Justice
 
Panel consists of Justices Taft, Jennings, and Hanks.
Publish. Tex. R. App. P. 47.2(b).