Opinion issued March 2, 2006








     










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01174-CR




QUINCY RASHAD HARRIS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court
Harris County, Texas
Trial Court Cause No. 827604




MEMORANDUM OPINION
          Appellant pled guilty to delivery of a controlled substance. Appellant was
sentenced to ten years’ confinement, and the trial court later granted appellant’s
request for shock probation. After a hearing on the State’s motion to revoke
appellant’s community supervision, the trial court revoked appellant’s community
supervision and assessed punishment at five years’ confinement and a fine of $300. 
Appellant brings two issues for review: (1) whether the trial court erred in assessing
a $300 fine upon revocation which was not included in the original judgment, and (2)
whether the trial court abused its discretion in revoking appellant’s community
supervision.
BACKGROUND
          In August 2003, while on community supervision, appellant and his cousin
stopped R.J. while she was riding her bicycle. After chatting with R.J., appellant
suggested they go to an abandoned house. Once inside, appellant began to have sex
with R.J. while appellant’s cousin was in the same room. When they stopped,
appellant put on his pants and went outside. Appellant’s cousin wanted to have sex
with R.J. too, but she refused. Appellant’s cousin then forced R.J. to have sex with
him. 
          Approximately four months later, R.J. and her mother discovered R.J. was
pregnant. On that same day, appellant called R.J.’s mother, Garnita Taylor, and
pleaded with her to not press charges against him because he did have sex with her
and would take full responsibility for the child. 
          In May 2004, the State filed a motion to revoke appellant’s community
supervision alleging, among other things, that appellant had broken the law by
sexually assaulting a child.


 After a hearing, the trial court revoked appellant’s
community supervision and assessed punishment at five year’s confinement and a
$300 fine. 
IMPOSITION OF $300 FINE
          In his first issue, appellant complains that the judgment and sentence
incorrectly include a $300 fine that was not included in the original judgment. 
Appellant contends that, since the fine was not pronounced in open court, the oral
pronouncement controls, and the fine should be deleted from his judgment. 
          The record reveals that the original adjudication judgment sentenced appellant
to ten years’ confinement with a fine “in the amount of: $ ---.” After appellant began
serving his sentence, the trial court suspended the sentence and placed appellant on
shock probation. One of the conditions of appellant’s shock probation indicated he
had to pay a fine of “$-00-.” On October 4, 2004, the trial court revoked appellant’s
shock probation in response to the State’s motion to revoke and assessed punishment
at five years’ confinement and a $300 fine. 
          The State asserts that appellant has preserved no error for review because he
failed to object to the imposition of the fine. Alternatively, the State asserts that the
fine had been previously assessed because the court records indicate the fine had been
“reassessed.”


 
Judgments
          A trial court’s lack of authority to act in a particular manner may render a
judgment either void or voidable depending on the type of error. Ex parte Seidel, 39
S.W.3d 221, 224 (Tex. Crim. App. 2001). Unauthorized acts (or errors) are either
“illegal” or “irregular.” Id. “Illegal acts” are those “acts that are not authorized by
law.” Id. (citing Blacks Law Dictionary 598 (7th ed. 2000)). “Irregular acts” are
those “acts or practices that vary from the normal conduct of an action.” Id. (citing
Blacks Law Dictionary 669 (7th ed. 2000)). Irregular judgments are merely
voidable, while illegal judgments are void. Id.; see Ex parte Pena, 71 S.W.3d 336,
336 n.2 (Tex. Crim. App. 2002) (“[a] ‘void’ or ‘illegal’ sentence is one that is not
authorized by law”).
          “A void judgment is a nullity from the beginning, and is attended by none of
the consequences of a valid judgment. It is entitled to no respect whatsoever because
it does not affect, impair, or create legal rights.” Seidel, 39 S.W.3d at 225 (citing Ex
parte Spaulding, 687 S.W.2d 741, 745 (Tex. Crim. App. 1985) (Teague, J., dissenting
and concurring)). Although most trial errors are forfeited if not timely asserted, a
defendant is not required to make a contemporaneous objection to the imposition of
an illegal or void sentence. Mizell v. State, 119 S.W.3d 804, 806 n.6 (Tex. Crim.
App. 2003). Error need not be preserved to attack a void judgment by direct appeal. 
Id. at 806; Seidel, 39 S.W.3d at 225. In the present case, because appellant did not
object to the imposition of the $300 fine, we must determine whether the addition of
the fine rendered the judgment void or voidable.
Community Supervision
          When a court grants community supervision under article 42.12, section 6
(“shock probation”) of the Texas Code of Criminal Procedure, the court imposes the
sentence, the defendant actually serves a portion of the sentence, and the court, by
granting “shock” probation, suspends the further execution of the sentence. Amado
v. State, 983 S.W.2d 330, 331-32 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d). 
Upon revocation of shock probation, the trial court simply reinstates the execution of
the originally imposed sentence. Id. at 332. Any subsequent deviation from that
original sentence is controlled by article 42.12, section 23(a) of the Texas Code of
Criminal Procedure:
If community supervision is revoked after a hearing under Section 21 of
this article, the judge may proceed to dispose of the case as if there had
been no community supervision, or if the judge determines that the best
interests of society and the defendant would be served by a shorter term
of confinement, reduce the term of confinement originally assessed to
any term of confinement not less than the minimum prescribed for the
offense of which the defendant was convicted.

Tex. Code Crim. Proc. Ann. art. 42.12 § 23(a) (Vernon Supp. 2005) (emphasis
added). It makes no provision for adding a fine not originally assessed. See id.; cf.
Coffey v. State, 979 S.W.2d 326, 329 n.2 (Tex. Crim. App. 1998) (stating that article
42.12 section 23(a) “makes no provision for reducing the fine assessed”). 
          In Coffey, Coffey pled guilty to possession of cocaine and was sentenced to
five years’ confinement and a fine of $750, probated for five years. 979 S.W.2d at
327. Three years later, the trial court revoked Coffey’s probation and orally assessed
punishment at five years’ confinement. Id. However, the judgment included the $750
fine. Id. The court faced the issue of whether a fine imposed in the original judgment
must be repronounced after probation revocation. Id. at 327-28. The court held that, 
because the fine had been imposed in the original judgment, it was proper to include
the fine in the judgment revoking probation. Id. at 329. Most importantly, the court
stated that, apart from article 42.12, section 23(a) of the Texas Code of Criminal
Procedure, “[a]ny subsequent deviation from that [original] sentence, i.e. either a
decrease or increase, could not supersede what had already been imposed in open
court.” Id. at 328-29 (emphasis added).
          Here, the trial court had imposed the punishment of ten years’ confinement
with no fine and placed appellant on probation. On revocation, the trial court was
authorized to (1) reinstate the original sentence or (2) reduce the confinement. See
Amado, 983 S.W.2d at 332; see Tex. Code Crim. Proc. Ann. art. 42.12 § 23(a)
(Vernon Supp. 2005). The trial court could not supersede what had already been
imposed in open court. See Coffey, 979 S.W.2d at 328-29. We conclude the trial
court was not authorized by law to assess a new sentence by adding a fine not
included in the original sentence. As a result, the $300 fine is void, and appellant did
not have to object to preserve error. Our conclusion that the $300 fine is void
compels a conclusion that the $300 fine be deleted from the judgment. Accordingly,
we reform the judgment of the trial court to reflect the deletion of the $300 fine.
          The State cites Ex parte Pena, 71 S.W.3d 336 (Tex. Crim. App. 2002) and
Wright v. State, 930 S.W.2d 131 (Tex. App.—Dallas 1996, no writ) for the
proposition that the failure to object to the imposition of the fine preserved no error
for review. 
          In Pena, the trial judge followed the jury’s recommendation and placed Pena
on community supervision, but also imposed a $10,000 fine. 71 S.W.3d at 337. 
Because Pena did not complain when the sentence was imposed and stated he was not
contesting the fine during Pena’s revocation hearing, the court held that Pena
affirmatively waived error. Id. at 337-38.
          Pena is distinguishable from the present case because the fine was imposed at
the original sentence, while appellant’s fine was added after the original sentence had
already been imposed.


 Id. at 337. Pena also suggests the $10,000 fine could have
been attacked on direct appeal, even though Pena failed to object when it was
imposed. See id. at 337, 338. The court stated that Pena (1) “waived error by not
complaining . . . on direct appeal,” (2) “decided not to appeal [the fine] even though
he clearly could have and was aware that he could have done so,” and (3) “[Pena]
could have, and should have, complained about the fine . . . on direct appeal.” Id. 
These statements support the conclusion that appellant can complain about the
addition of the $300 fine on direct appeal absent an objection.
          The State’s reliance on Wright is also misplaced. Wright holds that a failure
to object to the assessment of a fine does not preserve constitutional error. 930
S.W.2d at 133. Here, appellant does not allege constitutional error; thus, we do not
find Wright applicable. We overrule appellant’s first issue.
COMMUNITY SUPERVISION REVOCATION
          In his second issue, appellant complains that the trial court abused its discretion
in revoking appellant’s community supervision because the evidence was insufficient
to support the State’s allegations. Specifically, appellant contends several factors
must be considered: (1) R.J. did not immediately report the sexual encounter until she
had to explain why she was pregnant, (2) she did not initially tell police that she had
sex with two men in the abandoned house, and (3) the abandoned house did not exist
at the address initially given to the police and the house she ultimately pointed out
was occupied. Appellant’s challenges amount to an attack on the credibility of R.J.
Standard of Review
          The State must prove by a preponderance of the evidence that the probationer
violated the terms and conditions of his probation. Jenkins v. State, 740 S.W.2d 435,
437 (Tex. Crim. App. 1983); Smith v. State, 790 S.W.2d 366, 367 (Tex.
App.—Houston [1st Dist.] 1990, writ ref’d). This standard is met when the greater
weight of the credible evidence creates a reasonable belief that the defendant violated
a condition of his probation as the State alleged. Jenkins, 740 S.W.2d at 437 (citing
Martin v. State, 623 S.W.2d 391, 393 n. 5 (Tex. Crim. App. 1981)). In a probation
revocation hearing, the trial judge is the sole trier of the facts. Jones v. State, 787
S.W.2d 96, 97 (Tex. App.—Houston [1st Dist.] 1990, writ ref’d). The trial judge also
determines the credibility of the witnesses and the weight to be given to their
testimony. Id.
          Appellate review of an order revoking probation is limited to determining
whether the trial court abused its discretion. Cardona v. State, 665 S.W.2d 492, 493
(Tex. Crim. App. 1984). We must examine the evidence in the light most favorable
to the trial court’s order. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App.
1981) (citing Fernandez v. State, 564 S.W.2d 771 (Tex. Crim. App. 1978)); Galvan
v. State, 846 S.W.2d 161, 162 (Tex. App.—Houston [1st Dist.] 1993, no writ); Jones,
787 S.W.2d at 97.



Application
          R.J. testified that, in August 2003, she was riding her bicycle when appellant
and his cousin came up to speak with her. After speaking about school, appellant
indicated he knew where an abandoned house was located and led R.J. to that house
along with appellant’s cousin. After reaching the house, R.J. sat on a chest freezer
while appellant began rubbing and touching her face and hair. Both appellant and
R.J. took off their pants and had sexual intercourse. 
          R.J.’s mother, Garnita Taylor, also testified that when she discovered R.J. was
pregnant, she spoke with appellant. Appellant told Taylor that he would take full
responsibility for the child and that he had had sex with R.J. He also pleaded with
Taylor that no charges be filed against him. 
          The testimony of R.J. and her mother is sufficient for the trial judge–as the sole
judge of the credibility of the witnesses–to have found by the preponderance of the
evidence that the appellant violated his probation by having sexual intercourse with
a minor in August 2003. Thus, the trial court did not abuse its discretion in revoking
appellant’s community supervision on the ground that he violated the law. We
overrule appellant’s second issue.
CONCLUSION
          Because the trial court’s judgment incorrectly reflects the imposition of a
$300 fine, we reform the judgment to reflect the deletion of the $300 fine. As
reformed, we affirm the judgment of the trial court. 
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).