Opinion published April 22, 2010

 

 

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 


 
 

 
 



NO. 01-09-00351-CR

 


 
 

 
 



GAY LANE GILBERT, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 
 

 
 
 



On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 1164768

 


 
 

 
 
 



MEMORANDUM OPINION

Appellant, Gay Lane Gilbert, pursuant
to a plea agreement with the State, pleaded guilty to the state jail felony
offense of fraudulent use or possession of identifying information.[1]
The trial court sentenced appellant to two years confinement, suspended the
sentence, and placed her on community supervision for two years.  The State subsequently moved to revoke
community supervision, two conditions of which required appellant to “commit no
offense against the laws of this or any State” and forbade her to “be in
possession of any firearms.”  In two issues,
appellant contends that the evidence is legally and factually insufficient to
support the trial court’s revocation of community supervision.

          We
affirm.

Background

In its motion to revoke community
supervision, the State alleged that appellant had violated several conditions
of her community supervision, including unlawfully possessing a firearm.[2]  

At the hearing on the State’s motion,
Houston Police Department Officer A. Blomberg testified that on November 18,
2008, he drove to an apartment located on South Drive in Houston to execute an
arrest warrant for appellant for the offense of fraud.  When he arrived, he knocked on the door, and appellant’s
18-year old son answered and said that appellant was not there.  Blomberg asked appellant’s son if he could
“make sure [appellant] wasn’t there, there was a felony warrant,” and her son agreed.  Inside the apartment, Blomberg found “a bunch
of prescription bottles” in appellant’s name on the nightstand next to the bed
in a bedroom that the son told Blomberg was “his mom’s bedroom.”  Blomberg opened the door to the walk-in closet
inside the bedroom and saw “two pump action shotguns.”  

Alicia Ibarra, the court liaison
officer for the 248th District Court, testified that appellant’s current
address on file with the court was on Quail Meadow in Missouri City,
Texas.  Lindsey Sidney, appellant’s adult
daughter, testified that her family had lived at the Quail Meadow address while
she was growing up and appellant was still living there on November 18, 2008.  On cross-examination, Sidney admitted that
she had not lived at the Quail Meadow address since 2003 and made only
infrequent visits to Houston.

Appellant testified that she had
lived at the Quail Meadow address since before she was placed on probation and
the South Drive apartment was her half-brother’s residence.  On cross-examination, appellant denied that
she lived at the apartment but admitted that she had “spent a couple of
weekends there briefly” and her medications were in the bedroom because she had
visited her half-brother on “several occasions.”

At the close of the hearing, the
trial court found that appellant had violated several conditions of her community
supervision by “committing an offense against the state of Texas, failure to
avoid vicious or injurious habits, failure to pay supervision fee, failure to
pay fine & court costs, failure to pay laboratory fee, failure to
pay/obtain offender ID card, failure to pay Crime Stoppers, failure to pay
Children’s Assessment Center, [and] failure to pay Assessment fee.” 

Standard of Review

          In
a community supervision revocation hearing, the State must prove by a
preponderance of the evidence that the probationer violated the terms and
conditions of community supervision.  Cobb v. State, 851 S.W.2d 871, 873 (Tex.
Crim. App. 1993).  This standard is met
when the greater weight of the credible evidence creates a reasonable belief
that the defendant violated a condition of her probation as the State alleged.  Jenkins
v. State, 740 S.W.2d 435, 437 (Tex. Crim. App. 1983); Akbar v. State, 190 S.W.3d 119, 123 (Tex. App.—Houston [1st Dist.]
2005, no pet.).  The trial judge is the
sole trier of the facts and determines the credibility of the witnesses and the
weight to be given their testimony.  Taylor v. State, 604 S.W.2d 175, 179
(Tex. Crim. App. 1980); Amado v. State,
983 S.W.2d 330, 332 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d).  Proof of a single violation is sufficient to
support a revocation.  Akbar, 190 S.W.3d at 123. Appellate
review of a trial court’s order revoking community supervision is limited to
determining whether the trial court abused its discretion.  Id.
at 122.  We examine the evidence in the
light most favorable to the trial court’s order.  Id.
at 123 (citing Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. 1981)).

Legal and Factual Sufficiency

          In
her two issues, appellant argues that the evidence is legally and factually
insufficient to support revocation of her community supervision because the
evidence does not affirmatively link her to the firearms found in the closet.[3]

First, we note that a factual
sufficiency review, as urged by appellant, is inapplicable to revocation
proceedings.  Johnson v. State, 943 S.W.2d 83, 85 (Tex. App.—Houston [1st Dist.] 1997,
no pet.); Cherry v. State, 215 S.W.3d
917, 919 (Tex. App.—Fort Worth 2007, pet. ref’d); Becker v. State, 33 S.W.3d 64, 66 (Tex. App.—El Paso 2000, no
pet.).  Instead, we review the evidence
in the light most favorable to the trial court’s order to determine whether the
State proved, by a preponderance of the evidence, that appellant had violated
the terms of her community supervision by possessing a firearm.

To prove unlawful possession of a
firearm, the State had to present evidence that appellant possessed a firearm.  See Tex. Penal Code Ann. § 46.04(a)(1)
(Vernon Supp. 2009).  Possession means
“actual care, custody, control, or management.” 
Id. § 1.07(a)(39) (Vernon
Supp. 2009).  “Possession” is a “voluntary
act if the possessor knowingly obtains or receives the thing possessed or is
aware of [her] control of the thing for a sufficient time to permit [her] to
terminate [her] control.”  Id.
§ 6.01(b) (Vernon 2003).  When, as here,
the accused is not in exclusive possession of the place where contraband is
found, additional independent facts and circumstances must “link” the accused
to the contraband “in such a way that it can be concluded that the accused had
knowledge of the contraband and exercised control over it.”  Roberson
v. State, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d); see Brown v. State, 911
S.W.2d 744, 748 (Tex. Crim. App. 1995).  The
evidence used to prove possession can be direct or circumstantial, and in
either case, the State must establish that the defendant’s connection with the contraband
was “more than just fortuitous.”  Evans v. State, 202 S.W.3d 158, 161
(Tex. Crim. App. 2006); Poindexter v.
State, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005).

Among the many possible factors that
we may consider in deciding whether there is a link between a defendant and
contraband are whether (1) the contraband was in plain view; (2) the contraband
was conveniently accessible to the accused; (3) the accused was the owner of
the place where the contraband was found; (4) the place where the contraband
was found was enclosed; and (5) the size of the item was large enough to
indicate the defendant’s knowledge of its existence.  Cole v.
State, 194 S.W.3d 538, 548–49 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d)
(citing Gilbert v. State, 874 S.W.2d
290, 298 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d)); Robles v. State, 104 S.W.3d 649, 651 (Tex.
App.—Houston [1st Dist.] 2003, no pet.).  The number of linking factors present is not
as important as the “logical force” they create to prove that an offense was
committed.  Roberson, 80 S.W.3d at 735. 
However, the absence of various links does not constitute evidence of
innocence to be weighed against the links present.  Hernandez
v. State, 538 S.W.2d 127, 131 (Tex. Crim. App. 1976); James v. State,
264 S.W.3d 215, 219 (Tex. App.—Houston [1st Dist.] 2008, pet. ref’d).

Officer Blomberg found on the bedside
table in a bedroom, which appellant’s son identified as appellant’s room, numerous
prescription bottles belonging to appellant. 
Appellant’s name was written on the labels of these bottles.  Though not in plain view, the two large shotguns
were found in the walk-in closet within appellant’s bedroom, making them conveniently
accessible to her.  Moreover, the trial
court was free to disbelieve the testimony of appellant and her daughter that
appellant did not live at the apartment. 
See Lancon v. State, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008)
(fact-finder is “sole judge of a witness’s credibility” and “may choose to
believe some testimony and disbelieve other testimony”).  

Viewing all of the evidence in the
light most favorable to the order of the trial court, we hold that the evidence
is sufficient to prove by a preponderance of the evidence that appellant knowingly
exercised “actual care, custody, control, or management” over the shotguns.  Accordingly, we further hold that the trial
court did not err in revoking appellant’s community supervision.

We overrule appellant’s two issues.

Conclusion

          We
affirm the judgment of the trial court.

 

 

 

                                                                             Terry
Jennings

                                                                             Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland

Do not publish.  Tex.
R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. §§ 32.51(b)(1),
(c)(1) (Vernon Supp. 2009).

 





[2]           See
id. § 46.04 (a)(1) (Vernon Supp.
2009).

 





[3]           The trial court, in its order revoking
appellant’s community supervision, found that that appellant violated the terms
of her supervision in all of the ways alleged by the State.  However, the trial court received evidence
only regarding the possession of firearms allegation.  No exhibits or other evidence regarding the
State’s other grounds are included in the record.  On appeal, appellant challenges only the
firearms ground, and the State responds only to this ground.  Neither side acknowledges that the trial
court’s order recites multiple grounds for revoking community supervision.