ACCEPTED
06-14-00150-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
1/6/2015 1:31:33 PM
DEBBIE AUTREY
CLERK

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
1/8/2015 4:23:00 PM
DEBBIE AUTREY
Clerk

**ORAL ARGUMENT REQUESTED ONLY
IF REQUESTED BY APPELLANT**

**No. 06-14-00150-CR**

**IN THE SIXTH COURT OF APPEALS
TEXARKANA, TEXAS**

———————————

**TIM PETTY,**
Appellant

**v.**

**THE STATE OF TEXAS,**
Appellee

———————————

**On Appeal in Cause No. CR-12-24244
From the 336TH Judicial District Court
of Fannin County, Texas**

———————————————————————

# STATE'S BRIEF

———————————————————————

**John B. Setterberg
State Bar No. 24043915
Assistant Criminal District Attorney
Fannin County, Texas
101 E. Sam Rayburn Dr., Ste. 301
Bonham, Texas 75418
903-583-7448
903-583-7682 (fax)**

**ATTORNEY FOR THE STATE**

# IDENTITY OF PARTIES AND COUNSEL

The State certifies that the following is a complete list of the parties, attorneys, and other persons with interest in the outcome of this case:

(1) John B. Setterberg, Assistant Criminal District Attorney, Fannin County, Texas, 101 East Sam Rayburn Drive, Suite 301, Bonham, Texas 75418; ATTORNEY FOR THE STATE OF TEXAS.

(2) Micah Belden, 711 North Travis, Sherman, Texas 75090; TRIAL AND APPELLATE ATTORNEY FOR APPELLANT.

(3) Timothy Earl Petty, TDCJ #01945203, Hutchins Unit, 1500 East Langdon Rd., Dallas, Texas 75241; APPELLANT.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................. i

TABLE OF CONTENTS ....................................................................................... ii

INDEX OF AUTHORITIES .................................................................................. iii

STATEMENT OF FACTS ......................................................................................1

SUMMARY OF THE ARGUMENT .....................................................................2

ARGUMENT ..........................................................................................................3

    The evidence was sufficient to show that Appellant forcefully resisted
    officers as they tried to arrest him..........................................................................3

CONCLUSION .......................................................................................................6

PRAYER .................................................................................................................6

CERTIFICATE OF COMPLIANCE .....................................................................7

CERTIFICATE OF SERVICE ...............................................................................7

# INDEX OF AUTHORITIES

## Cases

*Amado v. State*, 983 S.W.2d 330 (Tex. App. – Houston 1999)............................3, 4

*Dobbs v. State*, 434 S.W.3d 166 (Tex. Crim. App. 2014) ....................................4, 5

*Goodman v. State*, 66 S.W.3d 283 (Tex. Crim. App. 2000)....................................5

*Little v. State*, 376 S.W.3d 217 (Tex. App. – Fort Worth 2012) ...............................3

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990) ...............................4

*Rickels v. State*, 202 S.W.3d 759 (Tex. Crim. App. 2009).........................................4

## Statutes

TEX. CODE CRIM. PRO. Art. 42.12 § 5(b) ....................................................................3

TEX. PENAL CODE § 38.03(a) ....................................................................................4

### TIM PETTY,
**Appellant**

**v.**

### THE STATE OF TEXAS,
**Appellee**

TO THE HONORABLE JUSTICES OF THE SIXTH COURT OF APPEALS:

COMES NOW the State of Texas, by and through her assistant criminal district attorney, and respectfully submits this brief in the above-styled and numbered cause. This is an appeal from an adjudication of guilt following a deferred probation; the underlying offense was aggravated assault with a deadly weapon (Cl. R. at 44). Upon adjudicating Appellant guilty of the offense, the trial court sentenced him to serve seven years in prison (Cl. R. at 125).

## STATEMENT OF FACTS

On June 5, 2013, Appellant pled guilty and was given deferred probation for the offense of aggravated assault with a deadly weapon (Cl. R. at 44). On March 21, 2014, the State filed a motion to adjudicate guilt alleging violations of the Appellant's community supervision (Cl. R. at 47). When officers from the Bonham

Police Department went to arrest the Appellant for these violations, he struggled with and forcefully resisted their arrest. The officers testified that Appellant forcefully pulled away from their grasp, that there was a struggle that lasted anywhere from 20 seconds to a minute, and that it took two of them to subdue him (Ct. R. vol. 2, at 30-32, 36-39). Moreover, one of the officers testified that during the struggle, Appellant balled up his fist and reared back as if to strike the other arresting officer, and that this prompted the officer to apply a choke hold and a burst of pepper spray to the Appellant's eyes (Ct. R. vol. 2, at 37). Additionally, a neighbor who witnessed the event testified that the Appellant fought the officers even after he was placed in handcuffs, and that he was able to break free by leveling his shoulder into one of the officers and striking him in the chest or midsection with his elbow (Ct. R. vol. 2, at 50-52). Based on this testimony, the trial court found the allegation of resisting arrest to be true and sentenced Appellant to seven years in the Texas Department of Criminal Justice, Institutional Division (Ct. R. vol. 3, at 144, 170-71).

## SUMMARY OF THE ARGUMENT

Appellant's sole point of error attacks the sufficiency of the evidence to support the State's allegation of resisting arrest. This point fails, however, because there was direct testimony that the Appellant forcefully resisted and acted as if he would strike the arresting officers, as well as testimony that he physically struck or

2

pushed the officers after he was initially detained. Appellant's argument essentially asks this court to revisit the trial court's determinations of credibility and weight, and to balance differing eyewitness accounts that have already been considered and resolved by the trial court. Those are discretionary findings that rest solely with the trier of fact, and it is this Court's responsibility to defer to those findings. Because the trial court chose to believe evidence supporting the State's allegation, and because that evidence establishes every element of the allegation, the evidence is legally sufficient to support Appellant's conviction, and his point should be overruled.

## **ARGUMENT**

**The evidence was sufficient to show that Appellant forcefully resisted officers as they tried to arrest him.**

In a hearing on a motion to revoke probation or adjudicate guilt[1] the State must prove each and every element of the grounds asserted for revocation by a preponderance of the evidence. *Amado v. State*, 983 S.W.2d 330, 332 (Tex. App. – Houston 1999, pet. ref'd). This means that the greater weight of the credible evidence creates a reasonable belief in the mind of the fact-finder that the defendant has violated a condition of his probation. *Rickels v. State*, 202 S.W.3d

---

[1] The decision to proceed to an adjudication of guilt and revoke deferred adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision. TEX. CODE CRIM. PRO. Art. 42.12 § 5(b); *see also Little v. State*, 376 S.W.3d 217, 219 (Tex. App. – Fort Worth 2012, pet. ref'd).

3

759, 763-64 (Tex. Crim. App. 2009). The trial court acts as the sole trier of fact and may judge the credibility and weight of the testimony. *Amado*, 983 S.W.2d at 332. On appeal, the court of appeal must view the evidence in the light most favorable to the trial court's ruling, *id.*, meaning that a reviewing court is required to defer to that court's credibility and weight determinations. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). A trial court's ruling on a motion to adjudicate is reviewed for an abuse of discretion,[2] and that ruling will not be disturbed unless it is arbitrary, unreasonable, or without reference to any guiding rules or legal principles. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990).

As a condition of his probation, Appellant was prohibited from committing any offense against the laws of the State of Texas (Cl. R. at 41). Under Texas law, a person commits the offense of resisting arrest if he intentionally prevents or obstructs a person he knows to be a peace officer from effecting an arrest, search, or transportation of the actor by using force against the peace officer. TEX. PENAL CODE § 38.03(a). The phrase, "using force against a peace officer," means "violence or physical aggression, or an immediate threat thereof, in the direction of and/or into contact with, or in opposition or hostility to, a peace officer." *Dobbs v. State*, 434 S.W.3d 166, 171 (Tex. Crim. App. 2014).

---

[2] *Rickels*, 202 S.W.3d at 763-64.

4

In this case, both officers testified that Appellant resisted and struggled with them for several seconds as they tried to arrest him. Additionally, Cpl. Brookshire testified that Appellant raised a fist as if to strike Officer Cunningham. This, in and of itself, is sufficient evidence to support the conclusion that the Appellant used "violence or physical aggression, *or an immediate threat thereof*," against a peace officer. *See Dobbs*, 434 S.W.3d at 171. Direct evidence of a fact is always legally sufficient to prove that fact. *Goodman v. State*, 66 S.W.3d 283 (Tex. Crim. App. 2000). Moreover, Daniel Pinion testified that he saw Appellant struggle with and charge the officers after he was handcuffed, and that the Appellant was able to tackle one of the officers to the ground. This too is legally sufficient to support a finding that Appellant resisted arrest.

Appellant essentially asks this court to revisit the trial court's findings as to the weight and credibility of the evidence, and to resolve inconsistencies in the testimony *de novo*, but this is not an appellate court's role. Rather, the appellate court must defer to such findings, and only disturb a lower court's ruling for an abuse of discretion. Because there is direct testimony that Appellant used or threatened to use force against a peace officer to resist his arrest, the trial court did not act unreasonably or arbitrarily in finding that allegation to be true. Thus, the evidence is legally sufficient to support the trial court's conclusion and Appellant's point of error should be overruled.

## CONCLUSION

Appellant's sole point of error should be overruled because the evidence was sufficient to support a rational finding that Appellant used force against known peace officers to prevent his arrest. There was direct testimony that Appellant not only threatened physical violence, but actually inflicted such violence in an effort to prevent his arrest. As such, the evidence is legally sufficient to support the trial court's findings, and Appellant's point of error should be overruled.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, there being no reversible error in the trial of this case, the State respectfully moves this Court to overrule Appellant's point of error and affirm his conviction. The State further prays for any and all such additional relief as the Court may deem just and appropriate.

Dated: <u>January 6, 2015</u>

Respectfully submitted,

/s/     *John B. Setterberg*
John B. Setterberg
State Bar No. 24043915
Assistant Criminal District Attorney
Fannin County, Texas
101 East Sam Rayburn Dr., Suite 301
Bonham, Texas 75418
903-583-7448
903-583-7682 (fax)

6

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that the foregoing document contains 1,278 words, exclusive of the portions described by TEX. R. APP. P. 9.4 (i)(1), as computed by the computer program used to prepare the document.

/s/ _John B. Setterberg_
John B. Setterberg
Assistant Criminal District Attorney
Fannin County, Texas

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served electronically to the individual listed below on this the 6th day of January, 2015.

/s/ _John B. Setterberg_
John B. Setterberg
Assistant Criminal District Attorney
Fannin County, Texas

Micah Belden
711 North Travis
Sherman, Texas 75090
ATTORNEY FOR APPELLANT