**Aaron ALLEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 44909.**

Court of Criminal Appeals of Texas.

May 3, 1972.

&#9758;6

Robert K. Ramsey, Terrell, for appellant.

Harold Hollingsworth, County Atty., Arthur Miller, Asst. County. Atty., Kaufman, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of sodomy. The punishment was assessed by the jury at fifteen years.

The sufficiency of the evidence is challenged. It is contended that Terry Grier, the complaining witness, is mentally retarded and his testimony is insufficient to corroborate the testimony of Charles Gibson, an accomplice witness.

The indictment alleged that Aaron Allen had carnal copulation in the anus of Terry Grier.

Terry Grier testified that on the 19th of June, 1970, at approximately eleven o'clock at night, he was walking by the Riviera Club in Kaufman when the appellant and two other men, one armed with a knife, made him get inside a pickup truck. They drove him to a desolate spot where one of them displayed a knife, made him bend over and them committed the first act of sodomy, and the other two men did the same. They then took Grier's wallet which contained some twenty-five dollars, beat him, knocked him down three or four times and kicked him. He crawled to a ditch and the three drove away. Grier then went to a service station and reported the incident.

Charles Gibson, the accomplice witness, testified that he followed the appellant and Jim Hart out of the Riviera Club where they stopped Grier. He related substantially the same facts about the acts of sodomy, the beatings and the robbery as the complaining witness did.

Modean Sanders, a constable, testified that on the night in question he was called to a Shell Service Station where he saw the eighteen-year-old complaining witness who was bloody all over. Both of his eyes were beaten so that he could barely see. The left eye was laid open and a doctor took several stitches to close the laceration. Sanders further testified the boy was "care-less or go-free, or mentally retarded" and did not have much "thinking or forethought."

Upon these statements by Sanders, the appellant contends that the testimony of the complaining witness Grier is insufficient to corroborate the testimony of Charles Gibson.

The complaining witness testified that he was eighteen at the time of the crime and nineteen at the time of the trial. He testified that he worked at a service station and was on the way there when he was stopped. He also testified that he supported himself and gave his mother money. His testimony appears to have been coherent. His answers were responsive to the questions.

Grier's competence to testify was not challenged. Even if a question of competency had arisen and an objection overruled, this record would not show an

abuse of discretion which must be done to obtain a reversal. See, e. g., Williams v. State, Tex.Cr.App., 439 S.W.2d 846. The fact that Sanders testified that he was mentally retarded went to the weight of the testimony and the jury passed upon his credibility.

 We hold Grier's testimony plus that of Gibson was sufficient to authorize the jury to return a verdict of guilty. From this record it appears that Grier's testimony alone is sufficient to support the conviction.

The judgment is affirmed.