

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00069-CR

The **STATE** of Texas,
Appellant

v.

Rodney Dean **WIGLEY**,
Appellee

From the 81st Judicial District Court, Wilson County, Texas
Trial Court No. CRW2304108
Honorable Jennifer Dillingham, Judge Presiding

Opinion by:    H. Todd McCray, Justice

Sitting:    Irene Rios, Justice
    Lori Massey Brissette, Justice
    H. Todd McCray, Justice

Delivered and Filed: November 19, 2025

REVERSED AND REMANDED

The State of Texas appeals a pre-trial order suppressing the complainant's medical records. The trial court excluded the records after applying witness competency principles under Rule 601(a) rather than assessing their reliability under Rule 803(4) as statements made for the purposes of medical diagnosis or treatment. *See* TEX. R. EVID. 601(a), 803(4). Because the court conflated competency with reliability, it's ruling rested on an incorrect standard. Additionally, the court's

alternative Rule 403 ruling was premature because it lacked the evidentiary basis necessary to conduct such a balancing test. See *id.* 403. We reverse and remand.

## BACKGROUND

Rodney Dean Wigley was indicted for assault of a family member by impeding breath or circulation. Before trial, Wigley moved to suppress medical records from three medical facilities his wife, the complainant, visited shortly after the alleged assault: the Floresville ER, the Family Medical Center, and Bluebird Hope forensic clinic. The records all indicate that the complainant reported she had been choked by her husband. Wigley argues that the records are unreliable because the complainant was not mentally competent at the time she received treatment.

At the suppression hearing, the complainant testified that she was suffering from paranoia, mania, and altered perception of reality when she spoke with medical providers. Family members corroborated her history of hallucinations, and a friend testified to the complainant's strange behavior around the time of the alleged assault. The records themselves contain documentation regarding the complainant's anxious state of mind at the time of treatment and her previous medical diagnoses, which comports with her testimony at the hearing. However, the medical records also describe the complainant as coherent, friendly, oriented, and appropriate when she presented for treatment. Two of the three providers documented physical findings consistent with her account of assault, including bruising and petechiae.

The trial court suppressed the records, finding the complainant's statements inadmissible under Rule 803(4) because she was not in a proper state to give reliable information when she sought treatment. Alternatively, the court found that the records were more prejudicial than probative under Rule 403. The State appeals.

## PRESERVATION OF ERROR

Before addressing the merits, we consider whether the State preserved its complaints for appellate review. Wigley contends that the State did not preserve error because it invoked Rule 803(4) as the basis for the admissibility of the medical records at the suppression hearing but now challenges the trial court's reliance on competency principles under Rule 601. We disagree.

At the suppression hearing, the State argued the complainant's medical records were admissible under Rule 803(4) as statements made for medical diagnosis or treatment. *See* TEX. R. EVID. 803(4). The defense countered that the Rule 803(4) exception does not apply because the complainant's mental condition at the time of treatment rendered the records unreliable. The trial court adopted that argument, explicitly relying on Rule 601 competency concepts for purposes of assessing the reliability of the statements under the Rule 803(4) hearsay exception.

Once the court incorporated competency into its ruling, the State was entitled to challenge that basis on appeal. Preservation rules do not require the State to anticipate or preempt every legal rationale the trial court might adopt in making its ruling. *Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007) (noting complaint will be preserved if substance of the complaint is conveyed to trial judge). It is enough that the State made a timely, specific rule 803(4) argument and obtained an adverse ruling on that ground. Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1); *Lankston v. State,* 827 S.W.2d 907, 910 (Tex. Crim. App.1992).

Moreover, the record reflects the trial court fully understood the State's theory of admissibility. Error is preserved when it is apparent from the context. *See* TEX. R. EVID. 103(b); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). Accordingly, the error is preserved.

**STANDARD OF REVIEW**

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Weems v. State,* 493 S.W.3d 574, 577 (Tex. Crim. App. 2016). Findings of fact supported by the record are given almost total deference, particularly where they turn on credibility and demeanor. *Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019). But legal questions, including the proper application of the rules of evidence, are reviewed *de novo*. *Id*. A ruling must be upheld if correct under any applicable legal theory. *State v. Ruiz*, 581 S.W.3d 782, 785 (Tex. Crim. App. 2019).

**RULES 803(4) AND 601(a): RELIABILITY VERSUS COMPETENCY**

With this standard of review in mind, we accept the trial court's finding that the complainant has a history of mental illness, missed medication and has experienced hallucinations in her past. But those findings do not resolve the controlling question of law before us. The dispositive issue is not whether the complainant is mentally ill, but whether the statements she made to medical professionals bore sufficient indicia of reliability to qualify as admissible under Rule 803(4).

Rule 803(4) provides a hearsay exception for statements made for purposes of medical diagnosis or treatment, describing medical history, symptoms, or the cause of injury, as far as reasonably pertinent to diagnosis or treatment. TEX. R. EVID. 803(4). Courts presume that statements made in this context are reliable because patients have a strong motivation to be truthful when seeking medical care. *Taylor v. State*, 268 S.W.3d 571, 579-85 (Tex. Crim. App. 2008) (discussing history of Rule 803(4)). Therefore, the inquiry under Rule 803(4) focuses on the trustworthiness of the statements in the context of medical treatment, not on the patient's overall competency as a witness. *See id*. at 589. The proponent of such evidence must show that the statements were made for purposes of medical diagnosis or treatment, that proper diagnosis or

treatment depended upon the veracity of the statements, and that it was reasonable for the provider to rely on the statements in diagnosing or treating the patient. *Lumsden v. State*, 564 S.W.3d 858, 883 (Tex. App.—Fort Worth 2018, pet. ref'd) (citing *Taylor*).

On the other hand, Rule 601(a) governs a witness's capacity to testify at trial. With rare exceptions, "every person is competent to be a witness." TEX. R. EVID. 601(a); *Baldit v. State*, 522 S.W.3d 753, 761 (Tex. App.--Houston [1st Dist.] 2017, no pet.). Disqualification arises only where a witness lacks the ability to perceive, recall, and narrate truthfully. *Watson v. State*, 596 S.W.2d 867, 870 (Tex. Crim. App. 1980). Even severe mental incapacity, standing alone, does not automatically render a witness incompetent. *Id*.; *Clark v. State*, 47 S.W.3d 211, 218 (Tex. App.—Beaumont 2001,nopet.); *Rodriguez v. State*, 772 S.W.2d 167, 170 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). The presumption is one of competency, and the burden rests on the party asserting incompetence to show otherwise. *In re Commitment of Edwards,* 443 S.W.3d 520, 528 (Tex. App.—Beaumont 2014, pet. denied); *In re R.M.T.*, 352 S.W.3d 12, 24 (Tex. App.—Texarkana 2011, no pet.).

In this case, the trial court excluded the complainant's medical records on the ground that she was "not in a proper state" to give reliable information to her providers due to hallucinations and delusions at the time of treatment. The court cited Rule 803(4) in making this determination but then integrated Rule 601's competency standard, discussing the complainant's ability to observe, recollect and narrate truthfully. In so doing, the court erroneously conflated Rule 803(4) and Rule 601, treating evidence of hallucinations and psychiatric history as defeating both competency and reliability. By grafting Rule 601's competency framework onto Rule 803(4)'s reliability test, the trial court erroneously assumed that the complainant's psychiatric symptoms categorically undermined her statements to doctors.

Wigley argues that reliability under Rule 803(4) cannot be assessed apart from competency, reasoning that if the complainant is incompetent to testify, her statements cannot be trustworthy. First, Wigley provides no case law, nor have we found any, to support this proposition. Second, while this argument may seem logical in theory, in application, it blurs the lines between two separate legal inquiries. Competency under Rule 601(a) sets the minimal threshold for whether a person may testify at all. *In re C.A.*, No. 02-21-00018-CV, 2021 WL 2753533, at *7 (Tex. App.—Fort Worth July 1, 2021, no pet.) (not designated for publication) (discussing Rule 601 in practice). Reliability, as contemplated by Rule 803(4), is a contextual inquiry into whether the statements made in a medical setting are sufficiently trustworthy to be heard by a jury. *See Taylor*, 268 S.W.3d at 588; *Contreras v. State*, No. 03-02-00808-CR, 2004 WL 314881, at *2 (Tex. App.—Austin Feb. 20, 2004, no pet.) (not designated for publication) (noting basis of analyzing 803(4) is whether the declarant made the statement for the purpose of receiving medical treatment, and whether the content of the statement is reasonably relied on by a physician in treatment or diagnosis). One speaks to the witness while the other speaks to the statements. The inquiries are distinct.

Ironically, Wigley argues that the State is improperly conflating competency and hearsay admissibility. However, the record reflects that the trial court, not the State, merged the two questions. The court's conclusions of law expressly recite Rule 601(a)'s competency criteria and then use them as a basis for the exclusion of the complainant's medical records under Rule 803(4). Collapsing these doctrines into each other would effectively create a bar against admitting medical records when a patient suffers from psychiatric symptoms, regardless of contemporaneous clinical observation.

To the contrary, the court in *Taylor v. State,* 268 S.W.3d 571 (Tex. Crim. App. 2008), acknowledges that while mental illness may affect trustworthiness, it does not categorically destroy the self-interested motive to be truthful presumed under Rule 803(4). *Id*. at 588. The inquiry remains whether the condition was so severe as to destroy the declarant's self-interested motive to be truthful when seeking care. *Id*. at 587. Here, the complainant's records show that she sought treatment, described her injuries, and was coherent and oriented. Those circumstances reinforce rather than undermine the reliability of her statements in the context of medical care under *Taylor*.

Nothing in the language of Rule 803(4) requires a wholesale competency determination of the patient. Instead, courts must examine the reliability of the statements themselves in the medical context. *Id*. at 588-89. The records at issue exhibit the indicators of reliability the rule contemplates. The records document the complainant as alert, coherent, oriented, and able to give a clear history, even while she exhibited signs of anxiety or emotional lability. They indicate that she sought medical treatment voluntarily and that the medical providers reasonably used her statements to render medical treatment. These observations, coupled with the physical evidence documented in the records, supply the indicia of reliability required by Rule 803(4).

Once statements made for purposes of medical diagnosis or treatment bear sufficient indicia of reliability, disputes about whether they were exaggerated, delusional or false concern weight and credibility, not admissibility. *See Scott v. State*, 162 S.W.3d 397, 401 (Tex. App. – Beaumont 2005, pet ref'd) (discussing mental status as bearing on credibility of evidence). The complainant's later claims that she was delusional during her medical visits, along with the supporting testimony of family members, creates a factual conflict. That conflict concerns credibility, which is for the jury to resolve. *See Hogan v. State*, 440 S.W.3d 211, 217 (Tex. App.—

Houston [14th Dist.] 2013, pet. ref'd) (citing *Allen v. State,* 479 S.W.2d 278, 280 (Tex.Crim.App.1972)) (holding complainant's mental status did not automatically render her incompetent to testify, but instead, affected credibility and weight of her testimony). By excluding the medical records based upon Rule 601, the trial court applied an incorrect legal standard and resolved a credibility dispute that should have been left for trial.

### RULE 403: PROBATIVE VALUE VERSUS PREJUDICIAL EFFECT

The trial court alternatively excluded the records under Rule 403, finding them more prejudicial than probative. *See* TEX. R. EVID. 403. However, a pretrial Rule 403 ruling is proper only if the trial court has before it sufficient contextual evidence to enable it to "adequately assess whether the contested evidence's probative value is substantially outweighed by it prejudicial effects." *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005). In *Mechler*, the concurrence noted that "it is rare that Rule 403 is an appropriate basis for the pretrial exclusion of evidence because the trial judge cannot ascertain potential relevance or the impact of countervailing factors" absent context. *Id.* at 442–43 (Cochran, J., concurring). Here, the court had only the complainant's testimony regarding the records. The records were not developed through trial witnesses, and the evidentiary context was not fully before the court. We conclude a Rule 403 ruling at that stage of the proceedings was speculative. *See State v. Villegas*, 506 S.W.3d 717, 732 (Tex. App. —El Paso 2016, pet. dism'd) (permitting pretrial Rule 403 ruling but noting that the trial court had sufficient information to conduct the inquiry because the case had been tried twice before). We hold that the trial court's alternative Rule 403 ruling in this case was premature.

**CONCLUSION**

The trial court erred by conflating Rule 601 competency with Rule 803(4) trustworthiness and by prematurely excluding evidence under Rule 403. Although courts should remain vigilant for cases where statements to medical providers are patently unreliable, this record instead reflects contemporaneous medical assessments that support reliability. Because the medical records bore sufficient indicia of trustworthiness, and because Rule 403 balancing was speculative at the pretrial stage, the suppression order must be reversed.

On remand, however, the trial court remains free to reconsider admissibility if the evidentiary context changes at trial—particularly if evidence is developed showing that specific statements were the product of active hallucinations or lacked any connection to medical treatment.[1] We note, too, that the presumption of reliability under Rule 803(4) is not irrebuttable. But on this record, the trial court erred in conflating those concerns with global competency, especially where the medical reports themselves supported reliability.

We reverse the trial court's order granting the motion to suppress and remand this cause for further proceedings consistent with this opinion.

H. Todd McCray, Justice

DO NOT PUBLISH

---

[1] We note here that Wigley contends the complainant did not seek medical treatment at the Bluebird Hope forensic clinic because the clinic admitted it was not in the practice of providing "routine medical diagnosis." We disagree. Courts have consistently held that records generated from examinations by forensic nurses qualify as medical records under Rule 803(4). *See Franklin v. State*, 459 S.W.3d 670, 677 (Tex. App.—Texarkana 2015, pet. ref'd) (collecting cases).